THEDIA WILSON LONDON v. DREWEY LONDON.

(Filed 11 October, 1967.)

**1. Judgments § 3—**

An exception to the judgment limits review to the questions whether the findings of fact are sufficient to support the judgment and whether error of law appears on the face of the record.

**2. Same—**

Plaintiff instituted separately two actions for alimony without divorce. Motion for alimony *pendente lite* was scheduled to be heard in the second action but was continued, and on the day of the hearing the second action was nonsuited and the court found facts and awarded alimony *pendente lite. Held:* It will be presumed that the order awarding alimony *pendente lite* was entered in the prior action which was still pending rather than the second action which had been nonsuited, and the order being supported by facts found in the duly constituted action for alimony without divorce, it will not be disturbed.

**3. Appeal and Error § 46—**

The presumption is in favor of the regularity of proceedings in the lower court, and when it does not appear from the record which of two bases constitutes the foundation for the judgment, the order will be referred to that basis which is sufficient to support it.

APPEAL by defendant from *Froneberger, J.,* 31 July 1967 Non-Jury Civil Session of GASTON.

Proceedings under G.S. 50-16. Defendant appeals from an order awarding plaintiff alimony *pendente lite.* The chronology of pertinent events is as follows:

Plaintiff and defendant were married on 4 October 1952. On 17 April 1967, plaintiff, by her attorney of record, John R. Friday, instituted this action (Case No. 4941) for alimony without divorce. She alleges, *inter alia,* that defendant frequently resides with another woman (Dot Sponceller) and boasts to her of this misconduct; that he has moved a trailer on their property — next door to their

residence — and put "the other woman" and her minor children in possession of it; that he drinks to excess and is violent and abusive towards plaintiff; and that defendant spends money on the other woman, but has cut off plaintiff's credit at the grocery. Plaintiff prays that she be awarded reasonable subsistence and counsel fees; that she be granted the exclusive possession of the residence of the parties; and that defendant be required to remove the trailer and its occupants from the premises.

On 18 July 1967, plaintiff instituted a second action against defendant for alimony without divorce. This case was given docket No. 5314. The second complaint, signed by Frank P. Cooke, attorney, contained allegations substantially the same as those in the complaint in Case No. 4941, to which no reference was made. On the day Mr. Cooke filed the complaint in Case No. 5314, he secured from Judge Froneberger an order requiring defendant to show cause why he should not be required to pay plaintiff alimony *pendente lite* before the presiding judge at 10:00 a.m. on 31 July 1967 — or as soon thereafter as the matter could be heard.

When the calendar for the July Non-Jury Session was made, plaintiff's motion for alimony *pendente lite* was .scheduled for hearing at ·4:00 p.m. on 31 July 1967. It appeared as Case No. 4941; counsel listed were Messrs. Friday and Roberts respectively. On 27 July, Mr. Friday wrote Judge Froneberger requesting that he continue the case "for a week or so" until he returned from a vacation. Counsel for defendant, Mr. Roberts, wrote Judge Froneberger that he had no objection to continuing the case. Judge Froneberger, however, took no action on Mr. Friday's request for a continuance.

On 31 July 1967, Judge Froneberger heard plaintiff's motion for alimony upon "evidence introduced by the plaintiff and the defendant." He did not, however, enter judgment on that day. On 3 August 1967, defendant filed answer to the complaint in case No. 5314. On the same day, Judge Froneberger nonsuited that case. The judgment of nonsuit was consented to by Mr. Cooke as attorney for plaintiff. Also on 3 August 1967, Judge Froneberger denied defendant's motion to dismiss Case No. 5314 made for the reason that Case No. 4941 was pending. (The nonsuit rendered this motion moot.) He then, in open court, made findings of fact and entered an order, which is summarized as follows:

Plaintiff had discharged her first attorney, Mr. John R. Friday, and at the hearing on 3 August she was represented by her present attorney, Mr. Frank P. Cooke. Defendant, who had received proper notice of the hearing, was present and represented by his counsel, Mr. Roberts.

Plaintiff and defendant are living in Cherryville in a residence

owned by them as tenants by the entireties. Defendant has purchased a trailer, which he moved onto the rear of the lot owned by the parties, and has moved Dot Sponceller (aged 36) and her three children into it. Defendant has been eating his meals with Dot Sponceller and associating with her in a manner to cause plaintiff anxiety and mental suffering. It would be to the best interest of both parties that they separate. Defendant is an able-bodied man, capable of supporting plaintiff and himself.

Pending the final determination of the issues, Judge Froneberger awarded plaintiff exclusive possession of the residence and its furnishings, and ordered defendant to remove Dot Sponceller and her children from the trailer. Defendant was granted the right to occupy the trailer thereafter. Defendant was directed to pay plaintiff $10.00 a week alimony and to pay all utility bills incidental to plaintiff's occupancy of the residence. No counsel fees were awarded plaintiff pending the final trial of the case.

From the foregoing order defendant appeals.

*No counsel for plaintiff appellee.*
*Joseph B. Roberts, III, for defendant appellant.*

SHARP, J. Defendant's sole exception is the one which the law entered for him when he gave notice of appeal. "An appeal is itself an exception to the judgment . . . but limits the review to the question of whether the findings of fact are sufficient to support the judgment or whether error of law appears on the face of the record." 1 Strong, N. C. Index, Appeal and Error § 21 (1957).

In his brief, defendant assumes that the order from which he appeals was entered in the second suit, Case No. 5314, and he challenges the authority of the court to award plaintiff alimony *pendente lite* in that case after it had been nonsuited. Appellant's conclusion is based on a false premise. The judgment of nonsuit specifies that it was entered in Case No. 5314. The cause which was calendared for trial was Case No. 4941, and, although the order awarding plaintiff alimony does not bear the docket number of the case in which it was entered, obviously it was made in Case No. 4941. Both the nonsuit in Case No. 5314 and the order from which defendant appeals were signed on 3 August 1967. The latter appears last in the transcript, and we do not assume that Judge Froneberger entered an order in a case which he had just nonsuited. There is a presumption in favor of the regularity and validity of judgments in the lower court, and the burden is upon appellant to show prejudicial error. 2 McIntosh, N. C. Practice and Procedure § 1800 (2d Ed., 1956). "Where the record is silent upon a particular point, the ac-

tion of the trial judge will be presumed correct." 1 Strong, N. C. Index, Appeal and Error § 39 (1957).

The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action in the same court or in another court of the State having like jurisdiction. *Houghton v. Harris*, 243 N.C. 92, 89 S.E. 2d 860; *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E. 2d 860. The institution of Case No. 5314 in nowise affected the right of Judge Froneberger to proceed to hear the prior action, Case No. 4941, which had been duly calendared for trial. So far as the record discloses, defendant made no motion to continue the hearing of plaintiff's motion for alimony *pendente lite* when Case No. 4941 was reached on the calendar. The complaints in both cases contained substantially the same allegations, and there is no reason to believe that it was the number of the case which induced the order. Defendant offered evidence, and his counsel argued his contentions. The court found the facts against him, and the facts support its judgment.

No error.