FREDDY RAY JONES v. EUGENE BOYCE

No. 8210SC269

(Filed 1 February 1983)

**Attorneys at Law § 5.1; Rules of Civil Procedure § 8.1— professional malpractice action—matter in controversy exceeding $10,000—failure to properly state relief demanded—dismissal of action—no abuse of discretion**

> The trial court did not abuse its discretion in dismissing plaintiff's action, pursuant to G.S. 1A-1, Rule 41(b), for failure to comply with the requirement of G.S. 1A-1, Rule 8(a)(2), that "in all professional malpractice actions . . . wherein the matter in controversy exceeds . . . $10,000 . . . , the pleading shall not state the demand for monetary relief, but shall state the relief demanded is . . . in excess of $10,000 . . . ." As a responsive pleading had been served when plaintiff made a motion to amend, he could only do so by leave of court or by written consent of the adverse party. G.S. 1A-1, Rule 15(a).

APPEAL by plaintiff from *Bailey, Judge*. Orders entered 19 October 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 20 January 1983.

*David H. Rogers for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Theodore B. Smyth, for defendant appellee.*

WHICHARD, Judge.

## I.

The principal issue is whether the court abused its discretion in dismissing plaintiff's action, pursuant to G.S. 1A-1, Rule 41(b), for failure to comply with the requirement of G.S. 1A-1, Rule 8(a)(2), that "in all professional malpractice actions . . . wherein the matter in controversy exceeds . . . ten thousand dollars . . . , the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is . . . in excess of ten thousand dollars . . . ." We find no abuse.

## II.

Plaintiff, an inmate at Central Prison, brought this professional malpractice action *pro se* against defendant, a licensed attorney. The *ad damnum* clause of plaintiff's complaint prayed for one million dollars as compensatory damages and two million dollars as punitive damages.

Defendant, by answer and by separate motion pursuant to G.S. 1A-1, Rule 41(b), prayed for dismissal of the action for plaintiff's failure to comply with the following proviso contained in G.S. 1A-1, Rule 8(a)(2): "Provided, however, in all professional malpractice actions . . . wherein the matter in controversy exceeds . . . ten thousand dollars . . ., the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is . . . in excess of ten thousand dollars . . . ."

The court denied plaintiff's motions to amend his complaint, to continue a scheduled hearing on defendant's motion to dismiss, and to have the court recuse itself. It allowed defendant's motion to dismiss.

Plaintiff appeals.

## III.

A defendant may move for dismissal of an action for plaintiff's failure to comply with the Rules of Civil Procedure. G.S. 1A-1, Rule 41(b). The grant of power to make the motion implies discretionary power to allow it. It equally implies appellate review limited to determination of whether abuse appears in the exercise of that discretion.

### IV.

A responsive pleading had been served when plaintiff made his motion to amend. He thus was not entitled to amend as a matter of course, and could do so only by leave of court or by written consent of the adverse party. G.S. 1A-1, Rule 15(a). While leave of court "shall be freely given when justice so requires," G.S. 1A-1, Rule 15(a), and while justice might often so require where a layman appearing *pro se* inadvertently fails to conform to technical legal requirements, *see Gordon v. Leeke*, 574 F. 2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970, 58 L.Ed. 2d 431, 99 S.Ct. 464 (1978), judicial discretion may properly be exercised to subordinate these concerns to readily discernible countervailing legislative intent.

### V.

The General Assembly enacted G.S. 1A-1, Rule 8(a)(2), in response to a perceived crisis in the area of professional liability insurance. A study commission thereon recommended "elimination of the ad damnum clause in professional malpractice cases [to] avoid adverse press attention prior to trial, and thus save reputations from the harm which can result from persons reading about huge malpractice suits and drawing their own conclusions based on the money demanded." *Report of the North Carolina Professional Liability Insurance Study Commission*, March 12, 1976, p. 33. Rather than eliminating the clause entirely, the Assembly chose to follow the Wisconsin approach in which "only a jurisdictional amount is named (e.g., the plaintiff claims in excess of $10,000 in damages)." *Id.* at p. 32. *See* Wis. Stat. Ann. § 655.009(1) (West 1980).

### VI.

Rule 8(a)(2) prescribes no penalty for violation of its proscription against stating the demand for monetary relief. Absent application of the Rule 41(b) provision for dismissal for violation of the rules, litigants could ignore the proscription with impunity, thereby nullifying the express legislative purpose for its enactment.

The General Assembly thus must have intended application of the Rule 41(b) power of dismissal as a permissible sanction for violation of the Rule 8(a)(2) proscription. We consequently decline

to find an abuse of discretion in denial of the motions to amend and to continue, or in allowance of the motion to dismiss.

## VII.

The record indicates that the recusal motion was first tendered following plaintiff's argument on his other motions. No evidence in support of the unverified allegations in the motion appears. In this state of the record, we are unable to perceive an abuse of discretion in denial of the motion.

Affirmed.

Judges ARNOLD and HILL concur.