EDWARD R. SCHELL v. JAMES C. COLEMAN, DON H. GARREN, AND
PEERLESS INSURANCE COMPANY, INC., A CORPORATION

No. 8229SC1291

(Filed 15 November 1983)

**Attorneys at Law § 5.1; Rules of Civil Procedure § 8.1— professional malpractice action — matter in controversy exceeding $10,000.00 — failure to properly state relief demanded — failure to dismiss action — abuse of discretion**

A trial judge abused his discretion by failing to dismiss plaintiff's action on the basis of a flagrant violation of Rule 8(a)(2) and the resulting adverse publicity where plaintiff stated demands in his complaint for damages totaling almost $2 million arising from his legal malpractice claim.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered 11 March 1982 in Superior Court, HENDERSON County. Cross-appeal by defendant James C. Coleman from *Lewis, Judge.* Order entered 3 March 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 27 October 1983.

Plaintiff instituted this action against James C. Coleman to recover for alleged attorney malpractice and mismanagement of a receivership. Plaintiff also named Don H. Garren and Peerless Insurance Company, Inc. as defendants but voluntarily dismissed the action as to these parties. Defendant Coleman filed a motion to dismiss the complaint on the grounds the complaint is in violation of Rule 8(a)(2) of the North Carolina Rules of Civil Procedure in that it states a demand for monetary relief in the amount of $1,950,000. On 3 March 1981, Judge Lewis entered an order denying defendant's motion.

Coleman later filed motions to dismiss the action, for judgment on the pleadings, and for summary judgment. After a hearing, Judge Kirby granted Coleman's motions and dismissed the complaint. From the judgment entered, plaintiff appealed. From the order denying the motion to dismiss on the grounds of the Rule 8 violation, Coleman cross-appealed.

*Lentz, Ball and Kelley by Ervin L. Ball, Jr., and Herbert L. Hyde for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice by H. Grady Barnhill, Jr., William C. Raper, and Michael E. Ray, and Petree, Stockton, Robinson, Vaughn, Glaze and Maready by Norwood Robinson for defendant appellee James C. Coleman.*

HILL, Judge.

We first address the merits of Coleman's cross-assignment of error by which he argues the trial court erred in failing to dismiss plaintiff's action on the basis of the flagrant violation of Rule 8(a)(2) and the resulting adverse publicity. Rule 8(a)(2) states, in relevant part:

> [I]n all professional malpractice actions . . . wherein the matter in controversy exceeds . . . ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages . . . in excess of ten thousand dollars. . . .

Plaintiff clearly violated this rule when he stated demands in his complaint for damages totaling almost two million dollars arising from his legal malpractice claims.

The trial court refused to dismiss plaintiff's action on the basis of the rule violation and instead ordered that the prayer for relief be amended to allege damages in excess of $10,000, and that "Plaintiff file a new Page 5 [of the complaint] to conform with the Amendment as ordered above." Coleman notes that plaintiff never sought to amend his complaint to comply with the rule, rather the amendment was ordered by the court on its own initiative. Moreover, Coleman claims the record shows that plaintiff has never filed the corrected Page 5 as ordered by the court and that the offensive prayer for relief remains as originally stated.

The question of the propriety of the use of the Rule 41(b) power of dismissal as a sanction for violation of the Rule 8(a)(2) proscription has only recently been addressed by this Court. In *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983), which was the first case in which this Court interpreted Rule 8(a)(2), it was held that the Rule 41(b) power of dismissal was a permissible

sanction for violation of Rule 8(a)(2). *Jones* was an attorney malpractice action brought *pro se* by an inmate at Central Prison. In the *ad damnum* clause of the complaint, plaintiff prayed for a total of three million dollars in damages. Defendant moved that the action be dismissed pursuant to Rule 41(b) for plaintiff's failure to comply with Rule 8(a)(2). Plaintiff moved to amend the complaint. The court refused to allow amendment and granted defendant's motion to dismiss.

On appeal, this Court held the trial court did not abuse its discretion in denying the motion to amend and in dismissing the action in its entirety. The court explained:

> The General Assembly enacted G.S. 1A-1, Rule 8(a)(2), in response to a perceived crisis in the area of professional liability insurance. A study commission thereon recommended "elimination of the ad damnum clause in professional malpractice cases [to] avoid adverse press attention prior to trial, and thus save reputations from the harm which can result from persons reading about huge malpractice suits and drawing their own conclusions based on the money demanded." (Citation omitted.)
>
> . . . .
>
> Rule 8(a)(2) prescribes no penalty for violation of its proscription against stating the demand for monetary relief. Absent application of the Rule 41(b) provision for dismissal for violation of the rules, litigants could ignore the proscription with impunity, thereby nullifying the express legislative purpose for its enactment.

*Jones v. Boyce,* 60 N.C. App. at 587, 299 S.E. 2d at 300.

In *Harris v. Maready,* 64 N.C. App. 1, --- S.E. 2d --- (1983), this Court relying on *Jones v. Boyce, supra,* held the trial court abused its discretion by failing to allow the defendant's motion to dismiss for a violation of Rule 8(a)(2). In *Harris,* which was also an attorney malpractice action, the plaintiff stated in several parts of the complaint her demand to recover damages of five million dollars. Defendant moved to dismiss the action on the grounds the complaint violated Rule 8(a)(2), which motion was denied. The plaintiff purported to amend her complaint as a matter of right

but in so doing failed to delete all of the offending paragraphs. As a result, it was still clear from a reading of the complaint as a whole that the action was one based on professional malpractice which contained a demand for damages of five million dollars.

The court's holdings in these cases do not dictate that a court *must* dismiss an action if there is a Rule 8(a)(2) violation. The Rule 41(b) power of dismissal is only a permissible sanction, not a mandatory one. Allowance of a motion to dismiss on the basis of a Rule 8 violation is discretionary with the court. *See Jones, supra* at 586. But as illustrated by *Harris,* an abuse of discretion may be found if the court denies a motion to dismiss when there was a flagrant violation of the rule.

The present case illustrates the type of violation which is flagrant and justifies the extreme sanction of a Rule 41(b) dismissal. Like the plaintiff in *Harris,* the plaintiff here was allowed the opportunity to cure his violation by amending the complaint yet he failed to do so. Furthermore, plaintiff aggravated the violation by having Coleman served in open court, by informing the North Carolina Department of Insurance that a lawsuit existed against attorneys James C. Coleman and Don Garren in the amount of two million dollars ($2,000,000) for misappropriations, and by causing adverse radio and newspaper publicity.

Soon after plaintiff initiated this action, articles appeared in the *Asheville Citizen* and the *Times-News* of Hendersonville entitled respectively, "2 Hendersonville Attorneys Named in $2 Million Suit" and "Local Lawyers Sued" in which specific reference was made to the amount of the claim for damages. Additionally, a radio station in Hendersonville, North Carolina broadcasted hourly on 23 October 1980 similar reports of plaintiff's two million dollar lawsuit against Coleman. Coleman stated he received telephone calls from friends, clients and other attorneys about the adverse publicity.

Plaintiff's violation of Rule 8(a)(2) may have caused irreparable harm to Coleman's professional reputation and to his ability to receive a fair trial. Such are the evils sought to be avoided by the rule. Given the flagrant and aggravated nature of plaintiff's violation of the rule, we are compelled to hold the trial court abused its discretion in denying defendant's motion to dismiss.

Plaintiff has raised on appeal the question of the constitutionality of Rule 8(a)(2). This issue was not raised or considered in the trial court; therefore, it is not properly before us. *See Durham v. Manson*, 285 N.C. 741, 208 S.E. 2d 662 (1974); *Management, Inc. v. Development Co.*, 46 N.C. App. 707, 266 S.E. 2d 368, *appeal dismissed*, 301 N.C. 93, 273 S.E. 2d 299 (1980).

In our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure, we would like to address briefly the merits of plaintiff's appeal. Plaintiff assigns as error the entry of summary judgment against him. Plaintiff alleged that Coleman negligently and willfully failed to discharge his duty as a receiver of property owned in part by plaintiff, and negligently and willfully failed to faithfully and adequately represent plaintiff as his attorney. The court after considering the pleadings, the file in the case in which Coleman allegedly failed to adequately represent plaintiff, plaintiff's deposition, and the arguments and briefs of the parties, concluded that defendant was entitled to summary judgment. We agree.

The evidence tends to show that Coleman adequately and properly represented plaintiff as his attorney and exercised reasonable care and diligence in the use of his skills. It further shows that Coleman as receiver acted at the direction and by the authority of the court administering the receivership. Plaintiff has asserted disagreement with Coleman's professional judgment and dissatisfaction with the way the receivership property was managed, but he has not produced any evidence to support his claims that Coleman is guilty of negligence or wrongful conduct. Therefore, the trial court correctly granted summary judgment for defendant.

Affirmed.

Judges BECTON and JOHNSON concur.