JOHN C. STOKES, JR. v. WILSON AND REDDING LAW FIRM (ALICE E. PAT-
TERSON)

No. 8317SC1220

(Filed 28 December 1984)

1. **Rules of Civil Procedure § 4— first proper service of summons more than five
   days from filing of complaint—no prior motion to dismiss—action revived**
   
   Where the original complaint was filed on 1 April 1983, there was no serv-
   ice of a properly issued summons until a second summons was issued and
   served on 2 May 1983, and the defendant did not move to dismiss prior to be-
   ing served with the second summons, the second summons revived and com-
   menced a new action. G.S. 1A-1, Rule 4(a) (1983).

2. **Limitation of Actions § 12.1— refiling diversity complaint—attorney's malprac-
   tice—applicable statute of limitations unclear—Rule 12(b)(6) dismissal improper**
   
   Plaintiff's complaint stated a potential cause of action and should not have
   been dismissed under Rule 12(b)(6) where he alleged that defendant attorney
   had negligently advised him that he could refile his malpractice complaint
   against a Florida doctor within one year of a voluntary dismissal in a North
   Carolina Federal Court. A federal court sitting in a diversity case would apply
   North Carolina choice of law rules, but it could not be determined from the
   pleadings whether the three-year statute of limitation of G.S. 1-15(c) (1983) or
   the two-year Florida statute under G.S. 1-21, the North Carolina "borrowing
   statute," would apply.

3. **Attorneys at Law § 5.1; Rules of Civil Procedure §§ 8.1, 41.2— Rule 41(b)
   dismissal for Rule 8(a)(2) violation—improper**
   
   The trial court erred by dismissing plaintiff's attorney malpractice com-
   plaint under Rule 41(b) where the *pro se* plaintiff did not consistently and dog-
   gedly ignore the court's order by refusing to delete *ad damnum* clauses which
   violated Rule 8(a)(2) and plaintiff was not allowed an opportunity to cure his
   violation.

APPEAL by plaintiff from *James M. Long, Judge.* Judgment
entered 14 July 1983 in Superior Court, STOKES County.[1] Heard in
the Court of Appeals 31 August 1984.

*Ramsey and Grace, by Richard D. Ramsey, for plaintiff ap-
pellant.*

*Womble, Carlyle, Sandridge & Rice, by William C. Raper and
Michael E. Ray, for defendant appellee.*

---

1. Actually heard in Surry County.

BECTON, Judge.

From an order dismissing, with prejudice, plaintiff's claim that his North Carolina attorney negligently represented him on an underlying medical negligence claim against a Florida doctor, plaintiff appeals. We reverse.

I

*Facts and Procedural History*

On 11 September 1979, plaintiff, John C. Stokes, Jr., suffered a massive stroke while under the care of a Florida doctor. Plaintiff alleges that, as a result of the stroke caused by the doctor's gross negligence, he suffered "permanent loss or physical impairment, incurred extensive medical and psychological expenses, and was required to undergo surgery for a heart replacement valve."

Between 24 November 1980 and 6 April 1981, the defendant, Attorney Alice Patterson (Attorney Patterson), was retained to represent plaintiff, and she filed, on his behalf, a medical negligence action in the United States District Court for the Middle District of North Carolina on the basis of diversity of citizenship. A voluntary dismissal was taken in that case, and, according to plaintiff, Attorney Patterson told plaintiff "verbally" [orally] that he had one year from the date of dismissal to refile his claim against the doctor, and, further, told him he could do so without a lawyer. On 6 April 1982, plaintiff filed a *pro se* Complaint against the doctor in federal court as he had been advised to do. On 20 July 1982, however, the United States District Court for the Middle District of North Carolina dismissed plaintiff's Complaint as being barred by Florida's two-year statute of limitations, which ran on 11 September 1981.

In his initial, *pro se* Complaint in this, his legal malpractice case, plaintiff alleges, generally, that he relied on Attorney Patterson's knowledge of the law and that she negligently advised him of his rights in prosecuting his medical negligence case. Plaintiff sought "compensatory damages in an amount exceeding $10,-000" as well as other relief. Attorney Patterson filed a motion to dismiss on 23 May 1983, setting forth nine alleged deficiencies in plaintiff's *pro se* action, including a lack of personal jurisdiction over her. Seeking to overcome the "alleged deficiencies," plaintiff, on 27 June 1983, filed a motion to amend the Complaint and a

more detailed and extensive proposed Amended Complaint. In the *ad damnum* clause of the proposed Amended Complaint, plaintiff included a demand for relief in the amount of three million dollars. On 30 June 1983, Attorney Patterson filed a second motion to dismiss in which she re-alleged "each and every basis for the motion to dismiss dated May 23, 1983 and further move[d] pursuant to Rule 41(b) that this action be dismissed with prejudice on the grounds that plaintiff has violated Rule 8(a)(2) in the amended complaint. . . ." by stating an improper demand for relief in the amount of three million dollars.

The motions were heard before Judge Long on 5 July 1983. Judge Long's order is set forth in its entirety below:

> This cause coming on to be heard and being heard by the Undersigned Judge Presiding at the July 5, 1983 Special Civil Session of Surry Superior Court, with the consent of plaintiff and of defendant Patterson that this matter might be ruled upon out of county and out of term, upon plaintiff's Motion To Amend The Complaint and upon defendant Patterson's two Motions to dismiss pursuant to Rule 8(a)(2), 12(b)(2), (4), (5) and (6), and 41(b), and after having heard argument of Plaintiff and of counsel for defendant Patterson, and after having reviewed the file (including the Affidavit filed July 6, 1983), the Court is of the opinion that plaintiff's Complaint, the amendment thereto already having been filed, be deemed amended as set forth in the heretofore filed Amended Complaint; and the Court is further of the opinion that defendant Patterson's Motions should be granted.

> Now, therefore, it is ordered adjudged and decreed that defendant Patterson's Motions to dismiss be and the same hereby are granted, and the plaintiff's amended complaint is hereby dismissed with prejudice, with plaintiff to bear his own costs.

## II

*Contentions of the Parties (First Series of Arguments)*

A. In his brief on appeal, plaintiff's counsel ingeniously concedes and stipulates the existence of insufficiency of process, insufficiency of service of process, and "lack of personal jurisdiction over [Attorney Patterson] . . . and, further stipulates and con-

cedes that the trial court correctly decided that it did not have personal jurisdiction over her." Seeking, thus, to pare his case down to narrower and more defensible issues, plaintiff first argues that: (1) the trial court had no jurisdiction or authority to enter any order except a dismissal for lack of personal jurisdiction over Attorney Patterson; and (2) that, therefore, the trial court's action (a) in allowing plaintiff's motion to amend, (b) in granting Attorney Patterson's motion to dismiss under Rules 8 and 12(b)(6) of our Rules of Civil Procedure, and (c) in entering judgment of dismissal with prejudice under Rule 41(b) of our Rules of Civil Procedure, should be vacated because those portions of the Orders are void.

B.   Contending that neither the record facts nor law supports plaintiff's first series of arguments, defendant counters by contending that: (1) the trial court's Order does not state that dismissal is for lack of jurisdiction over Attorney Patterson, but, rather, merely states that "Patterson's motions to dismiss be, and the same hereby are granted, . . ."; (2) "when there are multiple grounds asserted for the dismissal of an action and it does not appear from the record which of the grounds constitutes the foundation for the order of dismissal, the reviewing court will presume that the order is based upon the grounds that are sufficient to support it"; and (3) the trial court had personal jurisdiction over Attorney Patterson since "a proper summons was issued, directed to and served upon Patterson [on 2 May 1983] . . . [and revived and commenced] a new action on the date of its issuance."

*Analysis*

A.   *Service of Process and Personal Jurisdiction*

Although the trial court specifically listed six of the nine bases upon which Attorney Patterson sought to have plaintiff's Amended Complaint dismissed, the trial court simply ordered, without specifying the basis or bases upon which it relied, that "the plaintiff's Amended Complaint is hereby dismissed with prejudice. . . ." Generally speaking, a trial court's failure to set forth a basis for its decision hampers the appellate review process and sometimes requires appellate courts to rely on certain presumptions. Indeed, Attorney Patterson, as appellee, has cited *London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967), for the proposition that when there are multiple grounds asserted for the dismissal

of an action and it does not appear from the record which of the grounds constitutes the foundation for the order of dismissal, the reviewing court will presume that the order is based upon the grounds that are sufficient to support it. Reliance on the *London* Court's general statement regarding the presumption in favor of the correctness of the trial court's order, only provides Attorney Patterson with a hollow victory in this case, as we first find *London* factually distinguishable, and as we further find no sufficient grounds to support the order *dismissing plaintiff's claim with prejudice* in this case.

[1] The original Complaint was filed on 1 April 1983, and no properly issued summons was served on Attorney Patterson until 2 May 1983. Although N.C. Gen. Stat. § 1A-1, Rule 4(a) (1983) is clear and unambiguous in its requirement that "upon the filing of the complaint, summons shall be issued forthwith, and in any event, within five days," our Court has recognized that a properly issued and served second summons can revive and commence a new action on the date of its issuance. For example, in *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982), plaintiff filed a Complaint on 27 March 1981 against the owner of a car, based on the negligent acts of the owner's daughter, who was driving the car. The summons was issued that same day in the name of the owner's daughter, rather than the owner. On 7 April 1983, a second summons was issued in the owner's name and was served on him on 13 April 1983. In affirming the trial court's order denying defendant's motion to dismiss on grounds of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, this Court said:

> When proper summons was not issued within five days of the filing of the complaint on 27 March 1981, the action was subject to dismissal upon motion by the defendant before the issuance of the second summons for service on the defendant. The motion to dismiss was made after the issuance and service of the second summons. The action abated upon failure to issue proper summons within five days of filing the complaint, but the action revived upon the issuance and service of summons on defendant. Therefore, the effect of the second summons, issued on 7 April 1981 for service on the named defendant and served on 13 April 1981, was to revive and commence a new action on the date of issue.

*Roshelli*, 57 N.C. App. at 308, 291 S.E. 2d at 357. In this case, as in *Roshelli*, Attorney Patterson made no motion to dismiss prior to being served with the second summons. Therefore, the second summons issued and served on her on 2 May 1983 revived and commenced a new action on the date of issue.

**[2]**    B.    *Propriety of the Rule 41(b) Dismissal With Prejudice*

Having disposed of plaintiff's arguments under Rule 12(b)(2), (4), and (5) relating to sufficiency of process, service of process, and personal jurisdiction, we now address plaintiff's arguments concerning the dismissal of his Complaint for failure to state a claim under Rule 12(b)(6).

Plaintiff's claim that he refiled his action in federal court against the Florida doctor on 6 April 1981 as Attorney Patterson had advised him to do, and that his suit was thereafter dismissed as being barred by the applicable Florida statute of limitations which ran on 11 September 1981, is not frivolous. Although his *pro se* complaints may have been inartfully drawn, and although they may contain defective statements of valid causes of action, they, nevertheless, state a claim upon which relief can be granted.

We summarily reject Attorney Patterson's contentions (in both her first and second series of arguments) that the relationship of attorney and client did not exist at the time she gave plaintiff the allegedly negligent advice, that the plaintiff did not rely on the advice to his detriment, and that the plaintiff's loss was not a proximate result of the advice she gave him. We address fully, however, Attorney Patterson's argument that the advice she gave plaintiff was not negligent "because, according to the facts alleged in the Amended Complaint, the North Carolina Statute of Limitations for medical malpractice—rather than the Florida Statute of Limitations—applies as a matter of law."

Federal courts sitting in diversity cases in North Carolina are to apply the North Carolina choice of law rules, the same rules our state courts would have applied if the action had been brought in state court. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 85 L.Ed. 1477, 61 S.Ct. 1020 (1941); *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 82 L.Ed. 1188, 58 S.Ct. 817 (1938); *see generally* S. Wurfel, *Choice of Law Rules in North Carolina,* 48 N.C. L. Rev. 243 (1970). Under North Carolina choice of law rules,

we apply the substantive law of the state where the cause of action accrued and the procedural rules of North Carolina. *Howle v. Twin States Express, Inc.*, 237 N.C. 667, 75 S.E. 2d 732 (1953). Under Florida law the Florida statute of limitations is a procedural rule. *Colhoun v. Greyhound Lines, Inc.*, 265 So. 2d 18 (Fla. 1972). Therefore, a North Carolina state court hearing the plaintiff's Florida medical negligence action would apply its own statute of limitations, either the three-year malpractice statute, N.C. Gen. Stat. § 1-15(c) (1983), or, under certain circumstances, the North Carolina "borrowing statute," N.C. Gen. Stat. § 1-21 (1983). G.S. § 1-21 (1983), if applicable, requires the use of the Florida statute of limitations, in this case, the two-year Florida malpractice statute, Fla. Stat. Ann. § 95.11(4)(b) (West 1982), to bar the plaintiff's cause of action. *See* Note, 45 N.C. L. Rev. 845 (1967) (the North Carolina "borrowing statute"); S. Wurfel, *Statutes of Limitations in the Conflict of Law*, 52 N.C. L. Rev. 489, 519-45 (1974).

Based on the pleadings, we cannot say which North Carolina statute of limitations applied to plaintiff's Florida medical negligence action—the three-year malpractice statute, G.S. § 1-15(c) (1983), or the "borrowing statute," G.S. § 1-21 (1983). The answer hinges on the following factors—(1) whether the Florida doctor defendant was subject to "long-arm" jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4 (1983) at the time the action was brought and decided in federal district court, and (2) whether the plaintiff was a resident of North Carolina at the time his alleged Florida medical negligence cause of action accrued. *See* G.S. § 1-21 (1983). First, we note that the "borrowing statute" is not applicable if a defendant is subject to long-arm jurisdiction under G.S. § 1-75.4 (1983). G.S. § 1-21 (1983); *see* Note, 12 Wake Forest L. Rev. 1041 (1976) (tolled statute of limitations v. long-arm statute amenability). Second, after the cause of action has been barred in the jurisdiction where it arose, only a plaintiff, who was a resident of this State at the time the cause of action originally accrued, has the right to maintain an action in the courts of this State. G.S. § 1-21 (1983).

Therefore, as framed, the plaintiff's Complaint states a potential cause of action. The trial court erred in dismissing his Complaint under Rule 12(b)(6). Further, given the factual issues to

resolve in a malpractice action, a disposition on the pleadings is generally inappropriate.

### III

*Contentions of the Parties (Second Series of Arguments)*

Plaintiff styles his second, and alternative, argument thusly:

> Even if it is determined that the trial court could rule on Alice Patterson's Motion to Dismiss Plaintiff's Complaint for an alleged violation of Rule 8(a)(2) when the court had no jurisdiction, the trial court erred and abused its discretion in imposing the extreme sanction of a Rule 41(b) dismissal, as the record clearly shows that the alleged violation by the partially paralyzed *pro se* plaintiff was not in any respect a flagrant violation, but rather was an error invited by and caused by the appellant.

Attorney Patterson counters with a two-pronged elaborate response which we set forth in outline form below:

I. The trial court correctly dismissed the action with prejudice for plaintiff's failure to state a claim upon which relief could be granted because

    A. The allegations of the amended complaint affirmatively show that Attorney Patterson's advice to plaintiff occurred after the termination of the attorney-client relationship.

    B. The alleged advice was not negligent since North Carolina's three-year medical malpractice statute of limitations rather than Florida's two-year statute of limitations applies as a matter of law.

    C. Plaintiff did not rely to his detriment upon Patterson's advice.

    D. Plaintiff's loss, if any, was not a proximate cause of his reliance upon Patterson's allegedly negligent advice but rather resulted from plaintiff's own failure adequately to represent himself and to appeal from the order of dismissal entered by the Federal Court on 28 July 1982.

**Stokes v. Wilson and Redding Law Firm**

    E. Plaintiff has alleged no facts that would support his claim for punitive damages.

  II. The trial court correctly exercised its discretion in dismissing plaintiff's action with prejudice since

    A. Plaintiff did not carry his burden of convincing the court that dismissal should be without prejudice and did not even make a motion to this effect.

    B. The doctrine of "invited error" raised by the plaintiff has no application to the record facts in this case.

    C. Plaintiff's amended complaint, praying for relief against Attorney Patterson totalling three million dollars was deemed amended as of the time of the filing of the amended complaint and before the motion hearing by the trial judge.

    D. Two newspapers contained articles about the three million dollar demand.

*Analysis*

[3] Having summarily rejected most of Attorney Patterson's contentions in our "Analysis" at p. 5, *supra,* we now address plaintiff's three million dollar prayer for relief.

*The Rule 8(a)(2) Violation*

With regard to professional malpractice actions, the pertinent portion of Rule 8(a)(2) provides that when

> the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000). . . .

The original Complaint filed by plaintiff did not violate Rule 8(a)(2). However, after Attorney Patterson filed a motion to dismiss the Complaint, plaintiff filed an Amended Complaint in which he prayed for damages exceeding three million dollars. Although neither the fact that plaintiff filed his Complaints *pro se* nor the suggestion that Attorney Patterson, by filing her motion to dismiss, "invited" the Rule 8(a)(2) violation are dispositive of

the narrow issue raised, they, nevertheless, suggest that the Rule 8(a)(2) violation in this case was not so egregious as to warrant a dismissal with prejudice.

In support of her position that the Rule 8(a)(2) violation justified the dismissal with prejudice in this case, Attorney Patterson relied on three cases decided by our Court during 1983: *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983); *Harris v. Maready*, 64 N.C. App. 1, 306 S.E. 2d 799 (1983); and *Schell v. Coleman*, 65 N.C. App. 91, 308 S.E. 2d 662 (1983). *Schell v. Coleman* is clearly distinguishable from the case at bar, and our Supreme Court has recently rejected the relevant rationale of the *Jones* decision and overruled this Court in *Harris v. Maready*.

It is true that our Supreme Court recently denied discretionary review in *Schell*, however, the facts in *Schell* justified the Rule 41(b) dismissal. In *Schell*, we said:

> The Rule 41(b) power of dismissal is only a permissible sanction, not a mandatory one.
>
> The present case illustrates the type of violation which is flagrant and justifies the extreme sanction of a Rule 41(b) dismissal. Like the plaintiff in *Harris*, the plaintiff here was allowed the opportunity to cure his violation by amending the Complaint yet he failed to do so. Furthermore, plaintiff aggravated the violation by having Coleman served in open court, by informing the North Carolina Department of Insurance that a lawsuit existed against attorneys James C. Coleman and Don Garren in the amount of two million dollars ($2,000,000) for misappropriations, and by causing adverse radio and newspaper publicity.
>
>     * * *
>
> Given the flagrant and aggravated nature of plaintiff's violation of the Rule, we are compelled to hold the trial court abused its discretion in denying defendant's motion to dismiss.

65 N.C. App. at 94, 308 S.E. 2d at 664-65. In this case, the *pro se* plaintiff did not consistently and doggedly ignore the Court order by refusing to delete the *ad damnum* clauses which violated Rule 8(a)(2). The plaintiff in this case was not allowed an opportunity to

cure his violation. None of the flagrant or aggravated facts that appear in *Schell* are apparent in this case.

More important, our Supreme Court, in *Harris v. Maready*, 311 N.C. 536, --- S.E. 2d --- (filed 28 August 1984), another professional malpractice case, reversed a decision of this Court. In *Harris*, the plaintiff's original Complaint prayed for damages in excess of ten million dollars. Plaintiff filed an Amended Complaint, but did not cure the Rule 8(a)(2) violation. This Court held that the violation remained in the Amended Complaint, that it was flagrant, and that it was an abuse of discretion for the trial judge not to enter a dismissal. Concerned that less drastic measures were not considered, our Supreme Court reversed and stated:

> Although this Court has never decided what sanctions are appropriate for parties who violate Rule 8(a)(2), we note that decisions in other jurisdictions favor penalties less harsh than dismissal. In *Pissingrilli v. Von Kessel*, 100 Misc. 2d 1062, 420 N.Y.S. 2d 540 (1979), a New York court held that Section 3017(c) which, like our Rule 8(a)(2), prohibits the statement of an amount of money demanded, does not authorize '[s]o drastic a remedy as dismissal.' That court ordered the violating clause stricken from the pleading.

*Harris*, 311 N.C. at 550, --- S.E. 2d at --- (filed opinion at 20-21). After discussing some other sanctions including a reprimand or the imposition of monetary penalties similar to those awarded for failure to make discovery, our Supreme Court stated:

> After a review of sanctions available in other states, we cannot agree with the statement of the Court of Appeals in *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983) that absent the strong sanction of dismissal for violation of Rule 8(a)(2) litigants may ignore the rule's proscriptions with impunity. We agree with the view expressed in other jurisdictions that dismissal for a violation of Rule 8(a)(2) is not always the best sanction available to the trial court and is certainly not the only sanction available. Although an action may be dismissed under Rule 41(b) for a plaintiff's failure to comply with Rule 8(a)(2), this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice.

The trial court in this case refused to dismiss this action on Rule 8(a)(2) grounds. We hold under the facts of this case that the trial court did not err in denying the motion and reverse the holding of the Court of Appeals to the contrary.

311 N.C. at 551-52, --- S.E. 2d at --- (filed opinion at 22).

Considering the fact that the Rule 8(a)(2) violation in this case was not as egregious even as the violation in *Harris v. Maready*, and considering further how distinguishable *Schell v. Coleman* is from this case, we hold that the Rule 41(b) dismissal with prejudice on the basis of a Rule 8(a)(2) violation was unwarranted, unjustified, and reversible error.

Having discussed all the possible bases the trial court could have had for dismissing plaintiff's complaints with prejudice, we conclude that it was error to dismiss plaintiff's complaints with prejudice in this case. Plaintiff's complaints state claims under Rule 12(b)(6), and because the Rule 8(a)(2) violation did not warrant a Rule 41(b) dismissal, the trial court should consider less drastic measures on remand.

Reversed and remanded.

Judges HILL and BRASWELL concur.