BARRIE M. MILLER v. MAX F. FERREE, BETSY R. FERREE, RUSSELL F. FERREE, DR. HENRY C. LANDON, III, BARBARA S. LANDON AND FERREE, CUNNINGHAM AND GREY, P.A., SUCCESSOR TO MAX F. FERREE, P.A.

No. 8623SC731

(Filed 20 January 1987)

**Attorneys at Law § 5.1; Rules of Civil Procedure § 8.1— legal malpractice—damages specifically stated—dismissal without prejudice**

In an action for legal malpractice where plaintiff violated N.C.G.S. § 1A-1, Rule 8(a)(2) by stating specifically the amount of compensatory and punitive damages sought, the trial court did not abuse its discretion by dismissing without prejudice and taxing the costs to plaintiff, rather than dismissing with prejudice, since the record did not disclose evidence of any other actions by plaintiff which would so aggravate the effect of his violation of the rule as to render it flagrant.

APPEAL by defendants Max F. Ferree, Russell F. Ferree and Ferree, Cunningham and Gray, P.A., from *DeRemus, Judge.* Order entered 19 May 1986 in Superior Court, WILKES County. Heard in the Court of Appeals 11 December 1986.

In the complaint filed in this action, plaintiff alleged, *inter alia*, that defendants Max F. Ferree and Russell F. Ferree, who are attorneys and at all times relevant were members of defendant professional association or its predecessor, committed various acts of legal malpractice, some of which were intentional and others of which were negligent, in connection with their representation of plaintiff in certain real estate transactions. In the *ad damnum* clause of the complaint, plaintiff sought compensatory damages of $53,500.00 from these defendants and punitive damages of $500,000.00. In addition, plaintiff sought various equitable relief against all defendants and sought compensatory damages for breach of contract from defendants Landon.

In their answers, defendants Max F. Ferree, Russell F. Ferree and Ferree, Cunningham and Gray, P.A., included motions to dismiss the action pursuant to G.S. 1A-1, Rule 41(b) for plaintiff's failure to comply with G.S. 1A-1, Rule 8(a)(2), which provides that "in all professional malpractice actions . . . wherein the matter in controversy exceeds . . . ten thousand dollars . . . the pleading shall not state the demand for monetary relief, but shall state

that the relief demanded is . . . in excess of ten thousand dollars
. . . ."

After hearing the motions, the trial court concluded that
plaintiff had violated Rule 8(a)(2) and ordered, as sanctions for the
violation, that plaintiff's action against defendants Max F. Ferree,
Russell F. Ferree and Ferree, Cunningham and Gray, P.A., be dis-
missed without prejudice. The court further ordered that upon
payment of all costs of the action the plaintiff would be permitted
to institute a similar action against those defendants within one
year. Defendants appealed.

*Flanary & Davies, by Kenneth T. Davies, for plaintiff ap-
pellee.*

*Moore, Willardson & Lipscomb, by Larry S. Moore, for de-
fendant appellants Max F. Ferree and Russell F. Ferree.*

*E. James Moore for defendant appellant Ferree, Cunningham
and Gray, P.A.*

MARTIN, Judge.

We note initially that defendants' appeal is properly before
us. "[A] judgment by a court determining its statutory authority
to dismiss an action in such a way as not to bar further litigation
on the merits therein may be questioned only by appeal . . . ."
*Gower v. Insurance Co.*, 281 N.C. 577, 580, 189 S.E. 2d 165, 168
(1972).

The appealing defendants contend that the trial court, upon
finding plaintiff in violation of G.S. 1A-1, Rule 8(a)(2), should have
dismissed his action against them with prejudice, and that its
order dismissing the suit without prejudice and permitting the
plaintiff to institute a similar action against them within one year
should be reversed. We affirm.

It is clear that a dismissal with prejudice, pursuant to Rule
41(b), is an available sanction for a plaintiff's violation of Rule
8(a)(2). *Harris v. Maready*, 311 N.C. 536, 319 S.E. 2d 912 (1984). It
is not, however, the only available sanction and should be applied
"only when the trial court determines that less drastic sanctions
will not suffice." *Id.* at 551, 319 S.E. 2d at 922. The determination
of whether to dismiss for violation of the rule, and whether such a

**Miller v. Ferree**

dismissal should be with prejudice so as to bar a subsequent action, involves the exercise of judicial discretion.

The trial court found that "sanctions less than a dismissal without prejudice are inappropriate in this action." This finding indicates that the court considered the various sanctions available and determined that a dismissal without prejudice, taxing plaintiff for the costs of the action up to the time of dismissal, was a sufficiently severe sanction. Appellate courts should not disturb the trial court's exercise of discretion unless the challenged action is "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980).

In *Schell v. Coleman*, 65 N.C. App. 91, 308 S.E. 2d 662 (1983), *disc. rev. denied, appeal dismissed*, 311 N.C. 763, 321 S.E. 2d 145 (1984), plaintiff's complaint prayed for damages for legal malpractice of $1,950,000.00. In addition, plaintiff aggravated the Rule 8(a)(2) violation by causing adverse radio and newspaper publicity, informing the N.C. Department of Insurance about the lawsuit, and causing the defendant to be served in open court. Under those circumstances, this court held that plaintiff's violation of Rule 8(a)(2) was so flagrant that the trial court's refusal to dismiss his suit amounted to an abuse of discretion.

The factors which aggravated the Rule 8(a)(2) violation in *Schell* are not present in this case. Although it appears from the exhibits filed in this Court that at least three newspaper articles have appeared in *The Journal-Patriot* of North Wilkesboro and *The Elkin Tribune* concerning the lawsuit, none of the articles or the headlines associated with them were of such a nature as to sensationalize the amount of damages claimed by plaintiff. Indeed, the main thrust of the articles involved the factual allegations and denials of the parties rather than the amount of damages sought. Had plaintiff complied with Rule 8(a)(2) the content of the articles would not have been appreciably different. The record does not disclose evidence of any other actions by plaintiff which would so aggravate the effect of his violation of the rule as to render it flagrant. We consequently decline to hold that the trial court's decision to dismiss this action without prejudice, rather than with prejudice, was "manifestly unsupported by reason" so as to constitute an abuse of discretion.

Affirmed.

Judges WELLS and PARKER concur.