**Cheri Denise CREECH, Plaintiff,**

v.

**Robert S. DENNING and Jerry W. Denning, Individually and as Partners trading as Denning Brothers Farms, Defendants.**

No. 92–789–CIV–5–BO.

United States District Court,
E.D. North Carolina,
Raleigh Division.

May 5, 1993.

Bob D. Worthington, Kinston, NC, for plaintiff.

Lacy M. Presnell, III Burns, Day & Presnell, Raleigh, NC, for Robert S. Denning.

No attorney of record listed for Jerry W. Denning.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This is a diversity personal injury action arising out of a collision between plaintiff's car and an Allis Chalmers combine operated by defendant Robert S. Denning. In her complaint, plaintiff alleges negligence and gross negligence, and requests an award of ten million dollars in compensatory damages and ten million dollars in punitive damages. Defendant has moved to dismiss plaintiff's complaint for failure to comply with Rule 8(a)(2) of the North Carolina Rules of Civil Procedure, citing this court's decision in *Richards & Associates, Inc. v. Boney*, 604 F.Supp. 1214 (E.D.N.C.1985) as support for such a dismissal. Because of amendments to the Federal Rules of Civil Procedure and a change in the understanding of Rule 8(a)(2)'s purpose since the *Boney* decision, however, the court holds that it must be overturned, and defendants motion is therefore denied.

### RULE 8(a)(2) AND THE BONEY DECISION

North Carolina Rule of Civil Procedure 8(a)(2) requires, in pertinent part, that

> In all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000).

the purpose of this rules was to "avoid adverse press attention prior to trial and thus save reputations from the harm which can

result from persons reading about huge malpractice suits and drawing their own conclusions based on the money demanded." *Jones v. Boyce,* 60 N.C.App. 585, 587, 299 S.E.2d 298 (1983). *See also Harris v. Maready,* 311 N.C. 536, 319 S.E.2d 912 (1984).

In the case of *Richards & Associates v. Boney,* 604 F.Supp. 1214 (1985), this court first addressed the question of whether under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Rule 8(a)(2) should apply in diversity cases in North Carolina federal court. In doing so, the court applied the three-part analysis set out by the Fourth Circuit in *Szantay v. Beech Aircraft Corporation,* 349 F.2d 60 (1985). Under the *Szantay* analysis, if the state provision is either the source of the substantive right in issue or is intimately bound up with the substantive right in issue, then the state rule is constitutionally controlling. By contrast, if the state procedural provision is not intimately bound up with the right being enforced, but its application would substantially affect the outcome of the litigation, a federal diversity court should apply the state rule as a matter of comity unless there are countervailing federal considerations.

Under the *Szantay* reasoning, this court held in *Boney* that Rule 8(a)(2) is a procedural rule, but that it is "intimately bound up" with the substantive state policy of avoiding excessive publicity for exorbitant claims. *Boney,* 604 F.Supp. at 1218. Moreover, even if the rule is not "intimately bound up" in the substantive right, the court held that it should be applied as a matter of comity because their was no conflict between federal and state pleading rules.

### DEVELOPMENTS SINCE THE BONEY DECISION

In the eight years since the *Boney* decision, there have been two developments in the applicable law which change the outcome under the *Szantay* analysis. The first of these is that the North Carolina Court of Appeals has made it clear that dismissal of an action for failure to comply with Rule 8(a)(2) is a last resort, to be applied "only when … less drastic sanctions will not suf-

fice." *Miller v. Ferree,* 84 N.C.App. 135, 137, 351 S.E.2d 845 (1987). This holding suggests that a defendant has no substantive right to dismissal when a plaintiff violates the rule. Instead, the defendant is entitled only to some procedural sanction commensurate with the scope of the violation. If the rule is interpreted as being procedural rather than substantive, the constitutional interests of the first two prongs of *Szantay* are not implicated, and the court must follow the state rule as a matter of comity only if it is not in conflict with federal interests.

Secondly, the 1989 amendment of 28 U.S.C. § 1332 raised the jurisdictional amount for diversity suits in federal court from $10,000 to $50,000. This change creates a direct conflict between the state and federal rules, and therefore changes the outcome of the comity inquiry necessary for procedural rules. So long as the jurisdictional amount in Rule 8(a)(2) was the same as the minimum amount for diversity jurisdiction, applying the state rule in federal court did not affect any federal interest. After the amendment of Section 1983, however, compliance with the state procedural rule necessarily bars alleging damages sufficient to give federal courts jurisdiction. This undercuts the federal interest in providing a neutral forum for out of state litigants, and the third portion of the *Szantay* analysis therefore mandates that Rule 8(a)(2) not apply in diversity cases. That portion of the *Boney* decision that is inconsistent with the court's holding in this order is overruled.

### CONCLUSION

For the reasons set out above, the court holds that North Carolina Rule of Civil Procedure 8(a)(2) does not apply to diversity cases in this court, and therefore cannot provide a basis for dismissal of this action. Defendant's motion to dismiss is DENIED.

SO ORDERED.