IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-735

Filed 06 June 2023

Wake County, No. 21CVD14552

VINCENT K. PAYIN, Plaintiff,

v.

JEFFREY PIERCE FOY, Defendant.

Appeal by Plaintiff from order entered 3 February 2022 by Judge Ned W. Mangum in Wake County District Court. Heard in the Court of Appeals 11 April 2023.

*Vincent K. Payin, pro se, Plaintiff-Appellant.*

*No brief filed for Defendant-Appellee.*

COLLINS, Judge.

Plaintiff Vincent K. Payin appeals from a 3 February 2022 order dismissing his "Complaint For[] [R]estorative Justice" against Defendant Jeffrey Pierce Foy for Plaintiff's failure to properly effectuate service of the summons and complaint upon Defendant and because the complaint was time barred by the applicable statute of limitations. For the reasons stated herein, we affirm.

## I. Background

This appeal arises from Plaintiff's attempt to collect a debt allegedly owed to him by Decedent David Foy's Estate, which was being administered by Defendant,

Decedent's son.

According to Plaintiff, he was hired to provide homecare services to Decedent in 2011. When Decedent's health insurance expired in February 2016, Plaintiff and Decedent entered into a verbal agreement whereby Decedent would pay Plaintiff out-of-pocket for continued homecare services.

Decedent died intestate on 24 May 2017. A notice to creditors of Decedent's Estate was published in accordance with law, providing that all claims against the Estate must be submitted to Defendant by 10 March 2018 (the "creditor deadline"). Plaintiff submitted a claim against the Estate for $22,866.45 on 28 March 2018, eighteen days past the creditor deadline. On 10 April 2018, Plaintiff received a letter from Defendant informing him that his claim against Decedent's Estate had been rejected. Plaintiff filed a Rule 60(b)(1) & (6) Motion to Reopen Decedent's Estate.[1] The motion was denied on 17 June 2019 for Defendant's failure to timely submit the claim and for his failure to timely commence an action to recover on the claim after receiving written notice of the claim's rejection.

On 25 October 2021, Plaintiff filed his complaint for restorative justice in Wake County District Court. A summons was not issued on that date or within five days. Plaintiff sent a copy of the complaint to Defendant's former attorney, Terrell Thomas. However, Thomas was not representing Defendant in this matter and had not agreed

---

[1] This motion is not in the record but is referenced in the order denying the motion.

to accept service on Defendant's behalf. On or around 24 November 2021, Defendant filed a Rule 12 Motion to Dismiss for, among other things, Plaintiff's failure to cause a summons to be issued. On 2 December 2021, thirty-five days after the complaint had been filed, Plaintiff caused a summons to be issued in the name of Defendant. Plaintiff attempted to effectuate service of the summons and the complaint upon Defendant, but this attempt failed as he sent the documents to Defendant's former address where Defendant no longer resided.

After a hearing on 3 February 2022 on Defendant's motion to dismiss, Plaintiff's complaint was dismissed by order entered that day. Plaintiff timely appealed to this Court.

## II.    Discussion

Plaintiff first argues that the trial court erred by dismissing his complaint because the issuance and service of process was proper.

"A civil action is commenced by filing a complaint with the court." N.C. Gen. Stat. § 1A-1, Rule 3 (2021). "Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." *Id*. § 1A-1, Rule 4(a) (2021). When a summons is not issued within five days, the action abates and is deemed never to have commenced. *Roshelli v. Sperry*, 57 N.C. App. 305, 308, 291 S.E.2d 355, 357 (1982). However, a properly issued and served summons can revive and commence a new action on the date of its issuance, unless defendant moves to dismiss the action prior to issuance and service of the summons. *Stokes v. Wilson & Redding*

*Law Firm*, 72 N.C. App. 107, 111, 323 S.E.2d 470, 474 (1984); *Roshelli*, 57 N.C. App. at 308, 291 S.E.2d at 357.

Here, Plaintiff filed his complaint on 25 October 2021. A summons was not issued within five days and the action abated. Defendant filed his motion to dismiss the action on 29 November 2021, several days before Plaintiff caused a summons to be issued on 2 December 2021. Accordingly, the action was not revived upon the issuance of the summons and the trial court did not err by granting Defendant's motion to dismiss. *See Stokes*, 72 N.C. App. at 111, 323 S.E.2d at 474. In light of this conclusion, we need not reach Plaintiff's remaining arguments.

## III. Conclusion

Because Plaintiff failed to cause a summons to be timely issued in the name of Defendant, the trial court did not err by dismissing Plaintiff's complaint. The trial court's order is affirmed.

AFFIRMED.

Chief Judge STROUD and Judge FLOOD concur.