**PATTERSON v. SWEATT**

[146 N.C. App. 351 (2001)]

WILLIAM J. PATTERSON, LISA K. PATTERSON, Plaintiffs v. PHILIP SWEATT, individ-
ually and in his official capacity, PHILLIP RAINWATER, individually and in his
official capacity, WENDELL SESSOMS, individually and in his official capacity,
DALE FURR, Sheriff of Richmond County, and WESTERN SURETY COMPANY, as
surety, Defendants

No. COA00-746

(Filed 2 October 2001)

## 1. Attorneys— approved vacation—hearing conducted during attorney's absence—adequate representation

The trial court did not abuse its discretion by conducting a
hearing and entering a protective order while one of plaintiffs'
attorneys was on an approved vacation allegedly pursuant to
North Carolina Superior Court Rule 26 in an action seeking the
return of money and other property seized by defendant deputies
from plaintiffs' home, because: (1) the attorney's leave was in
September and October 1999, and Rule 26 was not effective until
1 January 2000; and (2) even if Rule 26 applied to plaintiff coun-
sel's leave, plaintiffs did not lack adequate representation at the
hearing before the trial court when other associates from the
same law firm participated in plaintiffs' case.

## 2. Discovery— sanctions—attorney fees

The trial court did not abuse its discretion by awarding a
sanction of attorney fees in favor of defendant surety's counsel in
the 11 October 1999 protective order based on plaintiffs' failure
to properly notice depositions under N.C.G.S. § 1A-1, Rule 30 in
an action seeking the return of money and other property seized
by defendant deputies from plaintiffs' home, because: (1) defend-
ant surety was not properly served with notice of the taking of the
depositions, and it did not matter whether defendant surety had
actual or constructive notice of the lawsuit; and (2) plaintiffs
failed to seek leave of court for a deposition that was scheduled
prior to the expiration of the 30 days after service of the sum-
mons and complaint in violation of Rule 30(a).

## 3. Discovery— sanctions—attorney fees—dismissal

The trial court did not abuse its discretion by finding that
plaintiffs violated N.C.G.S. § 1A-1, Rule 8(a)(2) and by awarding
sanctions in the form of a dismissal of the action with attorney
fees under N.C.G.S. § 1A-1, Rule 37(b) in an action seeking the
return of money and other property seized by defendant deputies

from plaintiffs' home, because: (1) plaintiffs repeatedly violated discovery rules; (2) plaintiffs filed three lawsuits for improper purposes; (3) there were multiple protective orders granted on behalf of defendants; (4) earlier impositions of less drastic sanctions by the trial court did not deter plaintiffs' wrongful conduct; and (5) the grant of attorney fees under § 1A-1, Rule 37(b) was within the trial court's inherent authority.

Judge GREENE dissenting in part.

Appeal by plaintiff from judgment entered 9 February 2000 by Judge W. Erwin Spainhour in Richmond County Superior Court. Heard in the Court of Appeals 5 June 2001.

*Henry T. Drake for plaintiffs-appellants.*

*Stott Hollowell Palmer & Windham, L.L.P., by Martha Raymond Thompson for defendants-appellees Sweatt, Rainwater, Sessoms and Furr.*

*Kitchin Neal Webb Webb & Futrell, P.A., by Stephan R. Futrell for defendant-appellee Western Surety.*

BRYANT, Judge.

On 10 August 1998, Richmond County deputies (defendants) searched the plaintiffs' (Pattersons) residence and seized cash and paperwork. At the time of the seizure, William Patterson was a suspect in relation to the sale and distribution of cocaine. Patterson was subsequently charged and pled guilty to several criminal charges including Possession with Intent to Sell and Distribute Cocaine and Maintaining a Dwelling Used for the Purposes of Keeping and Selling a Controlled Substance.

Plaintiffs have filed three lawsuits in relation to the seizure of the cash and paperwork. The first lawsuit (Patterson I) was filed in September 1998 and sought the return of money and other property. The Patterson I lawsuit also sought punitive damages against defendants, Richmond County law enforcement officers, for alleged willful and wanton conduct in converting plaintiffs' money and property. Defendants had Patterson I removed to federal court. Meanwhile, plaintiffs filed a second lawsuit (Patterson II) in state court while the civil claim was still pending in federal court. The Pattersons filed notices of depositions of the two defendant deputies in Patterson II. Upon defendants' motion, the court entered a protective order. After

the protective order was entered, the trial court dismissed Patterson II because of the pending federal action. The federal court thereafter granted plaintiffs' motion for a voluntary dismissal.

In August 1999, plaintiffs re-filed their complaint, (originally Patterson II now Patterson III). Plaintiffs' counsel Henry T. Drake (Drake) confirmed his vacation for the weeks of 27 September 1999, 4 October, 11 October and for the day of 18 October 1999 with Judge Beale, the senior resident superior court judge, and notified opposing counsel by copy of his letter to Judge Beale.

On 29 September 1999, Carneval, an associate at Drake's firm, Drake & Pleasant, mailed defendants' counsel Martha Raymond Thompson (Thompson) notice of depositions of the two defendant-deputies scheduled for 15 October 1999. Thompson was on maternity leave and upon receipt of the notice, her office spoke with Carneval about delaying the depositions until her return. Carneval refused.

On 1 October 1999, counsel for defendant-surety, Futrell, filed a Special Appearance, Motion for Protective Order and Request for Expedited Hearing in relation to the depositions. On 11 October the trial court granted the motion for a protective order and awarded $312.50 in sanctions against plaintiffs. The protective order did not specify a time for the monetary sanction to be paid.

On 19 October 1999, Thompson filed a Request for Statement of Monetary Relief and plaintiffs filed a response to that request. On 16 November 1999, the defendants jointly filed and served a Motion to Dismiss or For Other Sanctions. Immediately upon receiving defendants' motion, Drake, without obtaining a judge's order or filing a request for permission to do so, withdrew plaintiffs' Response to Request for Statement of Monetary Relief. Drake filed a response to defendants' motion. On 24 December 1999, Drake served notice (without certificate of service) of the videotaped deposition of Wendell Sessoms and Philip Sweatt. On 29 December 1999, Thompson filed a Motion for Protective Order to Quash the Deposition Notices and for Sanctions. Drake again served a Notice of Deposition Upon Oral Examination for the taking of the videotaped deposition of Philip Sweatt. In response, Thompson filed a Second Motion for Protective Order and For Sanctions. On 19 January 2000, an order was granted postponing the depositions of Sweatt, Rainwater and Sessoms until all of defendants' motions could be heard. On 7 February 2000, the trial court heard the motions and ordered a dismissal of plaintiffs' case on several grounds: 1) the filing

PATTERSON v. SWEATT

[146 N.C. App. 351 (2001)]

of Plaintiffs' Response to Request for Monetary Relief and its removal without a judge's permission; 2) plaintiffs' failure to pay $312.50 in sanctions awarded in the protective order within a reasonable amount of time; and 3) for attempting to obtain through civil action discovery, that which cannot be obtained in the criminal action. Plaintiffs appeal from both the 11 October 1999 Order allowing defendants' Motion for a Protective Order and Sanctions and the 7 February 2000 Order dismissing plaintiffs' case. For the reasons which follow we affirm the trial court's rulings.

I.

[1] Plaintiffs argue that the trial court erred by conducting a hearing and entering a protective order while one of plaintiffs' attorneys was on an approved vacation pursuant to North Carolina Superior Court Rule 26. We disagree.

Rule 26 of the General Rules of Practice for the Superior and District Court states in pertinent part:

SECURE LEAVE PERIOD FOR ATTORNEYS

(C) Designation, Effect . . . . the secure leave period so designated shall be deemed allowed without further action of the court and the attorney shall not be required to appear at any trial, hearing, in-court or out-of-court deposition, or other proceeding in the Superior or District Courts during that secure leave period.

. . .

(H) Procedure When Deposition Scheduled Despite Designation. If . . . any deposition is noticed for a time during the secure leave period, the attorney may serve on the party that noticed the deposition a copy of the designation . . . and that party shall reschedule the deposition for a time that is not within the attorney's secure leave period.

Gen. R. Pract. Super. and Dist. Ct. 9, 2000 Ann. R. N.C. 7.

We note initially that Rule 26 was adopted in May 1999, but it was not effective until January 1, 2000. Plaintiffs' lead attorney, Drake, was on leave in September and October of 1999, several months before Rule 26's enactment. Thus, Drake was technically not on approved vacation under Rule 26.

Assuming, however, that Rule 26 applies to plaintiffs' counsel's leave, we are nevertheless unpersuaded by plaintiffs' argument that

the trial court erred in conducting a hearing and entering the protective order for several reasons. First, plaintiffs did not lack adequate representation at the hearing before the trial court. Carneval, the associate at Drake's firm who noticed the depositions of defendant deputies, appeared on behalf of plaintiffs at the hearing. Plaintiffs have failed to demonstrate how they were prejudiced by Carneval's defense before the trial court of his own notices of depositions. Second, although Drake acted as lead counsel for plaintiffs, it is evident from the record that Carneval and other attorneys at Drake's firm actively participated in plaintiffs' case. For example, Carneval not only signed and filed the notices of deposition, he also refused the request of defendants' attorney Thompson to postpone the depositions until she returned from maternity leave. Furthermore, Carneval and another partner at Drake's firm appeared, without Drake, on plaintiffs' behalf at the hearing on the motion for protective order. In light of this procedural history, we disagree with plaintiffs' assertions that Drake was the only attorney with the actual authority to represent plaintiffs at the hearing.

In *Jenkins v. Jenkins*, 27 N.C. App. 205, 206, 218 S.E.2d 518, 519 (1975), we held the trial court did not abuse its discretion in denying a motion for a continuance of a matter set for trial where lead counsel was unavailable and defendant was represented in court by a member of defendant attorney's law firm. In affirming the trial court's denial of the continuance, we noted that "[i]t is a well established rule in North Carolina that the granting of a continuance is within the discretion of the trial court, and its exercise will not be reviewed in the absence of manifest abuse of discretion." *Jenkins*, 27 N.C. App. at 206, 218 S.E.2d at 519. Because plaintiffs were adequately represented at the hearing by counsel with actual authority, we hold that the trial court did not err in conducting a hearing and entering a protective order. We therefore overrule plaintiffs' assignment of error.

II.

**[2]** Plaintiffs next argue that the trial court erred in the 11 October 1999 protective order which awarded a sanction of attorneys' fees in favor of counsel for defendant-surety, citing plaintiffs' failure to properly notice depositions pursuant to Rule 30 of the North Carolina Rules of Civil Procedure. We disagree. Rule 30(a) states:

Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expira-

tion of 30 days after service of the summons and complaint upon any defendant or service . . . except that leave is not required (i) if a defendant has served a notice of taking deposition or otherwise sought discovery, or (ii) if special notice is given as provided in section (b)(2) of this rule.

N.C.G.S. § 1A-1, Rule 30(a) (1999) [emphasis added]. A Rule 26(c) protective order "is discretionary and is reviewable only for abuse of that discretion." *Booker v. Everhart*, 33 N.C. App. 1, 9, 234 S.E.2d 46, 53 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E.2d 360 (1978).

The only authority plaintiffs cite in support of their argument is that "discovery rules 'should be construed liberally' so as to substantially accomplish their purposes." *AT&T Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E.2d 885, 888 (1979) (citations omitted). Plaintiffs contend that they did not violate Rule 30(a) because they noticed defendant-deputies on 29 September 1999 for depositions to be taken on 15 October 1999, which was outside of the thirty (30) day limitation. However, plaintiffs did violate Rule 30(a) with respect to defendant-surety, who was not served with the summons and complaint in Patterson III until 27 September 1999. Defendant-surety was noticed of the 15 October 1999 depositions on the same day as defendant-deputies.

Under Rule 30(a), the thirty day limitation must be met with respect to every defendant, not just the ones being deposed. 1 G. Gray Wilson, *North Carolina Civil Procedure* § 30-2, at 520 (1995). Plaintiffs attempt to circumvent the rule with respect to defendant-surety by arguing that its counsel had actual as well as constructive notice of the lawsuit and was therefore properly served with notice of the taking of the depositions. It does not matter if counsel for defendant-surety had actual or constructive notice of the lawsuit when he was noticed of the deposition, because this not a requirement of the Rules of Civil Procedure, Rule 30(a) in particular.

Based on the foregoing facts, we find that plaintiffs failed to seek "leave of court" for a deposition that was scheduled "prior to the expiration of 30 days after service of the summons and complaint," in violation of Rule 30(a) and it was within the trial court's power to grant a protective order and impose a sanction of attorneys' fees. Additionally, the court had available to it the history of the plaintiffs' complaints and the knowledge that a protective order was previously granted in Patterson II for similar actions. Moreover, North Carolina

Rule of Civil Procedure 37(a)(4) states that the court may award the "moving party the reasonable expenses incurred in obtaining the order, including attorney's fees." N.C.G.S. § 1A-1, Rule 37(a)(4) (2000). Thus, it does not appear that the trial court abused its discretion by imposing sanctions on plaintiffs. Accordingly, we affirm the trial court's sanction of attorneys' fees.

III.

**[3]** The plaintiffs next argue that the trial court erred in finding that plaintiffs violated N.C.G.S. § 1A-1, Rule 8(a)(2) and awarding sanctions in the form of a dismissal of the action with attorneys' fees. We disagree.

Rule 8(a)(2) of the N.C. Rules of Civil Procedure provides in part:

[A]t any time after service of the claim for [monetary] relief, any party may request of the claimant a written statement of the monetary relief sought, and the claimant shall, within 30 days after such service, provide such statement, which shall not be filed with the clerk until the action has been called for trial or entry of default entered.

N.C.G.S. § 1A-1, Rule 37(a)(4) (2000). Rule 8(a)(2) does not identify a particular sanction that may be imposed for filing a response to a request for monetary relief before the "action has been called for trial or entry of default entered." However, we reason that the trial court has the same authority to punish such a violation as it would if a complaint demanding a specific sum above ten thousand dollars were filed in violation of Rule 8(a)(2). *See* 1 G. Gray Wilson, *North Carolina Civil Procedure* § 8-3, at 136 (1995). A dismissal of the action pursuant to N.C.G.S. § 1A-1, Rule 41(b) is one of the permissible sanctions for violating the provision of Rule 8(a)(2) regarding pleading of damages in excess of ten thousand dollars. *McLean v. Mechanic*, 116 N.C. App. 271, 275, 447 S.E.2d 459, 461 (1994). However, "it is not the only available sanction and should be imposed only where the trial court determines that less drastic sanctions are insufficient." *Id.*

Our court in *Miller v. Ferree*, 84 N.C. App. 135, 137, 351 S.E.2d 845, 847 (1987), held that sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience. *Id.* at 137, 351 S.E.2d at 847. *See also Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 344 S.E.2d

847 (1986) (in determining whether to dismiss a case for violation of motion in limine, trial court must determine the effectiveness of alternative sanctions). Once the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion. *Miller* at 137, 351 S.E.2d at 847. Moreover, our Supreme Court allowed a dismissal to stand when "it [was] clear that a lesser sanction . . . would not serve the best interests of justice." *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 681, 360 S.E.2d 772, 780 (1987), *affirming in part and reversing in part Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 344 S.E.2d 847 (1986) (reversing the Court of Appeals' decision to vacate the portion of the trial court order dismissing plaintiff's action).

In addition, our Supreme Court held "it to be within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order." *Daniels* at 674, 360 S.E.2d at 776. If a party fails to obey a court order, the court has the authority to require that party to "pay the reasonable expenses, including attorney's fees, caused by the failure." N.C.G.S. § 1A-1, Rule 37(b) (2000).

In the present case, the trial court, in its 9 February 2000 Order, set out the entire history of the three Patterson cases and cited counsel for plaintiffs' repeated violation of discovery rules including: 1) backdating certificates of service that accompanied notices of depositions to make it appear that those notices were mailed two weeks earlier; 2) noticing depositions without allowing sufficient notice beforehand; 3) the improper filing of a response to the Request for Monetary Relief and subsequent removal of that document without the permission of a judge; 4) continuing efforts to depose the defendant-deputies despite a protective order; 5) use of civil action discovery in an attempt to benefit from them in the criminal action and 6) filing complaints and seeking discovery when plaintiffs knew and admitted in a written statement, that the allegations were not legitimate. Also, in support of its decision to dismiss the case, the court noted that there were indications that the three lawsuits were filed for improper purposes, that there were multiple protective orders granted on behalf of defendants, and that the earlier impositions by the trial court of less drastic sanctions did not deter plaintiffs' wrongful conduct. For example, the court specifically noted "plaintiff's failure to pay . . . sanctions awarded by the Protective Order dated October 14, 1999, by Judge Beale . . . within a reasonable time" as one of the many reasons why dismissal was appropriate.

PATTERSON v. SWEATT

[146 N.C. App. 351 (2001)]

With respect to the attorneys' fees, the trial court awarded defendants' attorneys fees for time spent in the "defense of this lawsuit, including the preparation, filing and prosecution of their respective and joint discovery-related motions . . . ." The court examined the affidavits of counsel for all of the defendants and found that time expended and expenses incurred by the attorneys were reasonable under the circumstances. The trial court further found that $150.00 per hour was a reasonable attorneys' fee associated with the type of legal work in that region and commensurate with the experience and training of the attorneys involved.

Based on the foregoing, we find that the trial court did not abuse its discretion in ordering the dismissal of plaintiffs' action with attorneys' fees. We hold that here, like in *Daniels* it was clear to the trial court as shown by the findings in the order, that a lesser sanction would not serve the best interests of justice. Therefore the trial court's failure to specifically state that other less drastic sanctions were considered was not error. Moreover, we hold that the grant of attorneys' fees in favor of the defendants pursuant to N.C.G.S. § 1A-1, Rule 37(b) was within the trial court's inherent authority. Accordingly, we affirm the trial court's decision to dismiss the plaintiffs' action.

AFFIRMED.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents in part with a separate opinion.

GREENE, Judge, dissenting in part.

I disagree with the majority that the trial court's failure to consider less severe sanctions was not error. I, therefore, respectfully dissent from section III of the majority's opinion.

Before a trial court orders the dismissal of an action, it "must at least *consider* a less severe sanction," *Goss v. Battle*, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993), and dismissal pursuant to Rule 41(b) should be allowed "only when the trial court determines that less drastic sanctions will not suffice," *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984). In this case, there is no evidence from the 9 February 2000 order that the trial court "considered" a less severe sanction before ordering a dismissal. Accordingly, I believe the

order should be remanded to the trial court for entry of any sanctions deemed appropriate after consideration of less severe sanctions.