LINDA HARDIN, Administratrix of the Estate of PAULINE MAE FOUST, Plaintiff,
v.
LIBERTY COMMONS NURSING & REHABILITATION CENTER OF ALAMANCE COUNTY, LLC., LIBERTY HEALTHCARE MANAGEMENT, INC., and LIBERTY LONG TERM CARE, LLC; PRIMDOC OF BURLINGTON, P.A.; ASHEVILLE HOSPITALIST GROUP, P.A.; RIMA VAICKUTE, M.D.; ROBERT J. MEAD, M.D.; NUTRITION PLUS OF GREENVILLE, INC., ADRIENNE HARDISON, R.D., Defendants.
No. COA09-570.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication.
Gugenheim Law Offices, P.C., by Stephen J. Gugenheim, for plaintiff-appellant.
Michael C. Hurley, for defendants-appellees.
WYNN, Judge.
"The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding."[1] In the present case, the trial court awarded Defendants attorney's fees for reimbursement of costs in seeking an order to Enforce a Settlement Agreement. Because there is no statutory basis for this award, we vacate the trial court's order.
Plaintiff Linda Hardin filed a complaint on 18 April 2006 alleging that Defendant nursing home negligently caused the death of Pauline Foust. In her complaint, Plaintiff alleged that Ms. Foust was admitted to Defendant nursing home on or about 5 January 2006; fed and hydrated by a PEG tube; completely dependent on the staff of Defendant nursing home for her nutrition and hydration needs; and died 19 January 2006 as a result of severe dehydration.
On 4 November 2008, the parties announced in open court that they had resolved their claims. Plaintiff's counsel requested court approval of the settlement, and the parties retired to the judge's chambers because the settlement amount was to remain confidential. In chambers, counsel for the parties recited the terms of the settlement and agreed to keep the settlement confidential. The parties also recited their agreement with respect to a medicare lien. Thereafter, the trial court agreed to approve the settlement and draft an order to that effect, noting that Plaintiff was taking a voluntary dismissal without prejudice until the matter was finalized, and that the court would retain jurisdiction "until such time as final documents exchanged [hands] and the funds are distributed."
On 11 November 2008, Defendants sent to Plaintiff a draft written settlement agreement and release. Plaintiff advised Defendants that the wording of the settlement agreement was acceptable and provided instructions for delivery of the settlement funds. On 21 November 2008, Plaintiff's counsel informed Defendants' counsel that Plaintiff refused to sign the agreement because she was having "post-settlement regrets." On 24 November 2008 Defendants filed a Motion to Enforce the Settlement Agreement. In the motion, Defendants requested enforcement of the agreement, reimbursement of costs and attorneys' fees incurred in seeking this order, and dismissal of Plaintiff's action with prejudice.
On 1 December 2008, the trial court held a hearing on the Motion to Enforce the Settlement Agreement. Plaintiff admitted at the hearing that she didn't "have any factual basis to dispute [Defendants'] motion." The trial court granted the Motion to Enforce the Settlement Agreement, and awarded Defendants' costs. The trial court instructed Defendants to file an affidavit.
When Plaintiff's counsel returned to his office after the hearing, he discovered that Plaintiff had signed the settlement agreement. Plaintiff's counsel notified the trial court, and forwarded a copy of the signed agreement to Defendants. On 2 December 2008, Plaintiff filed a dismissal with prejudice.
On 4 December 2008, Defendants submitted an affidavit in support of costs and attorneys' fees. On 8 December 2008, the court awarded Defendants $1678.50 in attorneys' fees and costs.[2] Plaintiff now appeals from the award of attorneys' fees and costs.
On appeal, Plaintiff contends that the trial court (I) abused its discretion by awarding Defendants attorneys' fees and costs because there was no statutory basis for the award; (II) lacked jurisdiction to enter further orders after Plaintiff had dismissed the case without prejudice; and (III) erred in granting Defendants' Motion to Enforce the Settlement Agreement without a showing of breach of contract by Plaintiffs. Because we reverse on the grounds that the trial court lacked a statutory basis for the award, we need not address Plaintiff's remaining arguments.
Litigants are generally responsible for their own attorney's fees. Bailey v. State, 348 N.C. 130, 159, 500 S.E.2d 54, 71 (1998)(recognizing an exception to the rule, inapplicable here, where a party by his own effort and at his own expense has preserved or increased a common fund or common property in which others may share with him). "Except as so provided by statute, attorneys' fees are not allowable." Baxter v. Jones, 283 N.C. 327, 330, 196 S.E.2d 193, 196 (1973). There is a difference between attorney's fees authorized as costs and attorney's fees awarded by court order. See Smith v. Price, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986). "The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding." King, 281 N.C. at 540, 189 S.E.2d at 162.
In the present case, neither the Motion to Enforce the Settlement Agreement nor the trial court's order references the statutory basis for the award of attorney's fees. Both parties analyze the award under N.C. Gen. Stat. § 6-21.5 which states, in pertinent part:
In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.
N.C. Gen. Stat. § 6-21.5 (2009).
Thus, section 6-21.5 authorizes the award of attorney's fees if there was a complete absence of a justiciable issue "raised by the losing party in any pleading." Plaintiff observes that she did not file any pleading that could form the basis of Defendants' Motion to Enforce the Settlement Agreement. Plaintiff therefore contends that the trial court had no statutory basis upon which to award attorney's fees pursuant to § 6-21.5.
Defendants reply that § 6-21.5 authorizes the court to award attorney's fees in this case. "The offense which the statute proscribes is not the filing of pleadings but the frivolous prosecution of litigation." Defendants cite Egelhof ex rel. Red Hat, Inc. v. Szulik, __ N.C. App. __, 668 S.E.2d 367 (2008), for the proposition that persistence in litigating the case after the claim becomes moot is what brings the penalty of § 6-21.5 to bear.
In Egelhof, plaintiff brought a shareholder derivative complaint against defendants alleging various claims of corporate mismanagement. Id. at __, 668 S.E.2d at 369. The trial court granted defendants' motion to dismiss, and defendants filed a motion for attorneys' fees pursuant to § 6-21.5. Id. This Court stated that the trial court must determine "whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." Id. at __, 668 S.E.2d at 373-74 (emphasis added)(quoting Sunamerica Financial Corp. v. Bonham, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991)).
We concluded in Egelhof that "[t]he trial court properly determined that . . . sanctions were not appropriate based solely on review of the face of the amended complaint." Id. at __, 668 S.E.2d at 374-75. As Plaintiff points out, there was no unjustified pleading in this case that could form the predicate to a § 6-21.5 award. The only pleading that Plaintiff filed resulted in the settlement agreement at issue in this case. Defendants can hardly claim that the pleading provoking their settlement failed to raise a justiciable issue. The record does not reveal that Plaintiff filed a responsive pleading to the Motion to Enforce the Settlement Agreement. Plaintiff therefore filed no pleading which could activate § 6-21.5. Consequently, we must agree with Plaintiff that § 6-21.5 did not authorize the trial court to award attorney's fees.
Nonetheless, Defendants argue further that, independent of statute, trial courts have inherent powers to sanction parties for failure to comply with court orders. Daniels v. Montgomery Mut. Ins. Co., 320 N.C. 669, 674, 360 S.E.2d 772, 776 (1987). This power includes the power to "tax a plaintiff with the reasonable costs, including attorney's fees incurred by a defendant in a proceeding in which a plaintiff has failed to comply with a court order." Id. Defendants argue that our cases do not limit the inherent power of trial courts to dealing with discovery violations or frivolous pleadings. The power, Defendants assert, extends to and is essential for the enforcement of any order of the court.
In Daniels, the trial court sanctioned plaintiff for violating several court orders. Defendant had requested dismissal of plaintiff's case, or in the alternative an award of costs, including attorney's fees. Id. at 672, 360 S.E.2d at 774. The trial court denied the motion to dismiss but granted defendant's costs. Id. at 672, 360 S.E.2d at 775. Plaintiff refused to pay the ordered expenses claiming the order was invalid and unenforceable, and defendant moved to dismiss the action. Id. The trial court granted the motion to dismiss, and plaintiff appealed. Id. at 673, 360 S.E.2d at 775.
In our treatment of the case, this Court "held that trial courts have the authority, pursuant to Rule 41(b), to impose a lesser sanction of costs including attorney's fees, against a party or counsel for failure to comply with a court order." Id. at 673, 360 S.E.2d at 775. The Supreme Court modified our holding, basing the trial court's authority not in Rule 41(b) but in its exercise of its inherent powers. "[W]e hold it to be within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order." Id. at 674, 360 S.E.2d at 776.
This Court applied the Daniels rule in Patterson v. Sweatt, 146 N.C. App. 351, 553 S.E.2d 404, (2001), aff'd 355 N.C. 346, 560 S.E.2d 792 (2002) (per curiam). The trial court in Patterson dismissed plaintiff's case and awarded defendant attorney's fees for, inter alia, plaintiff's repeated violations of discovery rules. Id. at 353-57, 553 S.E.2d at 406-08. On appeal, we held that the trial court did not abuse its discretion in ordering the dismissal of plaintiffs' action with attorneys' fees. Id. at 359, 553 S.E.2d at 410. "If a party fails to obey a court order, the court has the authority to require that party to pay the reasonable expenses, including attorney's fees, caused by the failure." Id. at 358, 553 S.E.2d at 409 (internal quotations omitted).
Defendants contend that Plaintiff's refusal to sign the settlement agreement was in disobedience to an order of the court. Defendants argue that the trial court was exercising its inherent powers in apportioning "the costs of that disobedience." Defendants argue further that the award of attorneys' fees was in the nature of a contempt order since the judge approved the settlement in court. Thus, Defendants would have this Court affirm the award as the result of the trial court's holding Plaintiff in contempt.
The cases Defendants cite are not on point, as there is no indication in this case that the award of attorney's fees and costs was ordered as a sanction for violation of a court order. Although there is some indication that the trial court intended to file an order approving the settlement agreement, no such order appears in the record. Moreover, there is no indication that the trial court ever considered holding Plaintiff in contempt, and there is no language in the court's order awarding attorney's fees and costs to support such an interpretation.
In sum, Defendants offer no proper basis upon which we might affirm the award of attorney's fees. Indeed, the award was not authorized by statute and cannot be sustained as an exercise of the trial court's inherent authority to sanction a party for disobedience as recognized in Daniels. Accordingly, we must hold that the trial court erred in awarding Defendants attorney's fees and costs.
Vacated.
Judge CALABRIA and Judge BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] In re King, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972).
[2] Although the order purports to cover "attorneys' fees and costs," it is clear from counsel's affidavit that the amount represents only Defendants' attorneys' fees. The order did not include $76.05 in mileage expenses claimed in the affidavit.