IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-151

Filed: 6 February 2018

Catawba County, No. 12 CVS 2832

CHRISTIAN G. PLASMAN, in his individual capacity and derivatively for the benefit of, and on behalf of and right of nominal party BOLIER & COMPANY, LLC, Plaintiff,

v.

DECCA FURNITURE (USA), INC.; DECCA CONTRACT FURNITURE, LLC; RICHARD HERBST; WAI THENG TIN; TSANG C. HUNG; DECCA FURNITURE, LTD.; DECCA HOSPITALITY FURNISHINGS, LLC; DONGGUAN DECCA FURNITURE CO. LTD.; DARREN HUDGINS; DECCA HOME, LLC; and ELAN BY DECCA, LLC, Defendants,

and BOLIER & COMPANY, LLC, Nominal Defendant,

v.

CHRISTIAN J. PLASMAN a/k/a/ BARRETT PLASMAN, Third-Party Defendant.

Appeal by Plaintiff Christian G. Plasman and Third-Party Defendant Christian J. Plasman from order dated 21 October 2016 by Judge Louis A. Bledsoe, III, in Superior Court, Catawba County. Heard in the Court of Appeals 21 August 2017.

> *Nexsen Pruet, PLLC, by David S. Pokela; and Law Offices of Matthew K. Rogers, PLLC, by Matthew K. Rogers, for Plaintiff-Appellant and Third-Party Defendant Appellant.*

*McGuireWoods LLP, by Robert A. Muckenfuss and Jodie H. Lawson, for Defendants-Appellees.*

McGEE, Chief Judge.

This matter was filed more than five years ago and has been considered by both state and federal courts. Multiple appeals have been filed from orders of the trial court to this Court and our Supreme Court, including appeals that have already been decided by this Court, *Bolier & Co., LLC v. Decca Furniture (USA), Inc.*, __ N.C. App. __, 792 S.E.2d 865 (2016) ("*Bolier I*"), *disc. review denied,* __ N.C. __, 799 S.E.2d 620 (2017); and *Plasman v. Decca Furniture (USA), Inc.*, __ N.C. App. __, 800 S.E.2d 761 (2017) ("*Bolier II*"). The following factual and procedural background is taken from the record before us, and from prior opinions of this Court.

Christian G. Plasman ("Plasman"), "in his individual capacity and derivatively for the benefit of, on behalf of and right of nominal party" Bolier & Company, LLC ("Bolier" or the "Company"), initiated the present action (the "Action") by filing a complaint in Superior Court, Catawba County, on 22 October 2012. The named Defendants ("Defendants") in that initial complaint were Defendant Decca Contract Furniture, LLC ("Decca China"), Decca Furniture (USA), Inc. ("Decca"), a wholly-owned subsidiary of Decca China, and Richard Herbst ("Herbst"), the president of

Decca.[1]  Plasman's son, Christian J. Plasman, a/k/a Barrett Plasman ("Barrett") (together with Plasman, "the Plasmans," together with Plasman and Bolier, "Plaintiffs"), is a third-party Defendant, who joins Plasman as an Appellant in this matter.[2]

## I. Factual and Procedural Background

Bolier is a closely held North Carolina company in the business of selling furniture.  Bolier was originally founded and owned by Plasman.  Plasman and Decca entered into an operating agreement (the "Operating Agreement") on 31 August 2003, pursuant to which Plasman conferred a fifty-five percent ownership interest in Bolier to Decca while retaining a forty-five percent interest for himself.  In return, Decca agreed to supply Bolier with furniture for retail sale.  The Operating Agreement also vested Decca with the authority to make all employment decisions related to Bolier. *Bolier II*, __ N.C. App. at __, 800 S.E.2d at 764.  According to Plasman, prior to the execution of the Operating Agreement, Herbst and Tsang represented to him that while it was necessary for Decca to own a majority ownership interest in Bolier "on paper," due to certain rules of the Hong Kong Stock Exchange, Bolier would, in

---

[1] The named Defendants currently include Decca, Decca China, Herbst, Tsang C. Hung ("Tsang"), the chairman of Decca's board of directors, Wai Theng Tin ("Tin"), Decca Furniture, LTD ("Decca Furniture"), Decca Hospitality Furnishings, LLC ("Decca Hospitality"), Dongguan Decca Furniture Co., LTD, Darren Hudgins ("Hudgins"), and Decca Home, LLC.  Bolier is also included as a "nominal party Defendant."

[2] For this reason, we will be referring to Barrett, along with Plasman and Bolier, when we refer to "Plaintiffs," even though Barrett is technically a third-party defendant.

reality, be operated as a 50/50 partnership between Decca and Plasman. Plasman and Bolier entered into an employment agreement in November 2003 (the "Employment Agreement"), which provided, *inter alia*, that Plasman could be terminated without cause. *Id.*

Following execution of the Operating and Employment Agreements, Plasman served as Bolier's president and chief executive officer while Barrett worked as Bolier's operations manager. According to Decca, despite the significant investments of Decca and Decca China in Bolier's operations, Bolier sustained losses in excess of $2,000,000.00 between 2003 and 2012. As a result, Decca terminated the employment of Plasman and Barrett on 19 October 2012. *Id.* The Plasmans, however, refused to accept their terminations and continued to work out of Bolier's office space. During this time, the Plasmans set up a new bank account in Bolier's name, and they diverted approximately $600,000.00 in Bolier customer payments to that account. From these diverted funds, Plasman and Barrett paid themselves, respectively, approximately $33,170.49 and $17,021.66 in salaries and personal expenses. Plasman also wrote himself a $12,000.00 check, dated 5 December 2012, from the new account for "Bolier Legal Fees." *Id.* Decca eventually changed the locks to Bolier's offices, thereby preventing Plasman and Barrett from entering.

Plaintiffs filed the Action in Catawba County Superior Court on 22 October 2012, alleging claims for dissolution; breach of contract; fraud; constructive fraud;

misappropriation of corporate opportunities; trademark, trade dress and copyright infringement; conspiracy to defraud; and unfair trade practices. The Action was designated as a mandatory complex business case on 24 October 2012, and assigned to the North Carolina Business Court. *Id.* Decca removed the Action to the United States District Court for the Western District of North Carolina on 29 October 2012. *Bolier I*, __ N.C. App. at __, 792 S.E.2d at 867. On that same date, Decca filed a motion for a temporary restraining order and preliminary injunction against the Plasmans pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking, *inter alia*, to prohibit any additional diversion of Bolier funds and to recover the funds that had already been diverted. *Id.* Decca moved to dismiss Barrett's counterclaims on 10 December 2012 and on that same date Defendants Decca, Decca China, and Herbst filed amended counterclaims, and Decca filed an amended third-party complaint, which included, *inter alia*, a request for a temporary restraining order and preliminary and permanent injunctive relief against the Plasmans. Plaintiffs moved to "supplement and amend [their] complaint" on 3 January 2013, and attached their "[P]roposed First Amended Complaint" thereto.

A hearing on Decca's motion was held before federal district court judge Richard L. Voorhees ("Judge Voorhees"). Judge Voorhees entered an order ("Judge Voorhees' Order") on 27 February 2013, granting Decca's motion by entering a preliminary injunction that barred the Plasmans from taking any further actions on

Bolier's behalf, directed the Plasmans to return all diverted funds to Bolier within five business days, and provide an accounting of those funds to Decca. *Id.*

Plaintiffs filed a document entitled "Plaintiffs' and Third Party Defendant's Response to Court Order" on 6 March 2013. In this document, they represented that they had "fully complied to the best of their ability with the Court Order signed on February 27, 2013." In addition, they stated that "Plaintiffs['] response herein is intended to comply with the spirit of [Judge Voorhees' Order], and by complying herein, Plaintiffs are not waiving Plaintiffs' rights to request reconsideration or appeal." *Id.*

Plaintiffs never made any attempt to appeal Judge Voorhees' Order to the United States Court of Appeals for the Fourth Circuit. Nor did they file a motion for reconsideration of Judge Voorhees' Order. *Id.* Plaintiffs filed a "Renewed Motion to Amend Complaint to Include New Parties, Facts and Claims for Relief" on 6 November 2013, and included therein their "Second Proposed First Amended Complaint." Judge Voorhees allowed Plaintiffs motion to amend on 9 January 2014, and Plaintiffs filed their "First Amended Complaint" on 10 January 2014. Defendants filed a "Motion to Dismiss the First Amended Complaint" on 24 January 2014, and Plaintiffs filed a "Motion to Remand to Catawba County Superior Court" on 20 March 2014. Judge Voorhees heard these motions, and entered an order on 19 September 2014, dismissing Plaintiffs' federal copyright claims and declining to

exercise supplemental jurisdiction over Plaintiffs' state law claims. As a result, the Action was remanded to our Business Court for consideration of "[a]ll remaining claims and motions[.]" *Id.*

Upon remand, Plaintiffs filed a "Motion to Amend Complaint" with the Business Court on 20 January 2015, which included Plaintiffs' "Draft Proposed Second Amended Complaint." Defendants filed a "Motion to Strike Supplemental Pleadings and Motion to Dismiss Third-Party Defendant [Barrett's] Counterclaims" on 23 January 2015. Multiple additional motions were filed by Plaintiffs and Defendants, including Defendants' "Motion to Dismiss Petitioners' First Amended Complaint," Defendants' "Motion to Disqualify Counsel and Motion for Sanctions," Defendants' "Motion to Enforce Order, Motion for Contempt, and Motion for Sanctions," and "Plaintiffs' Motion to Amend Preliminary Injunction, to Dissolve Portions of the Preliminary Injunction and Award Damages, and Motion for Sanctions." The trial court entered an order on 26 May 2015 (the "May 2015 Order"), granting Plaintiffs' motion to amend their First Amended Complaint, and deciding multiple other matters before it.

The Plasmans filed notice of appeal from the May 2015 Order on 25 June 2015, based upon issues related to the injunction imposed by Judge Voorhees, *Bolier II*, __ N.C. App. at __, 800 S.E.2d at 765, and on that same day filed their revised Second Amended Complaint, as allowed by the May 2015 Order. Defendants filed a "Motion

to Dismiss Plaintiffs' Second Amended Complaint" on 22 September 2015, and the trial court heard Defendants' motion on 17 December 2015. The trial court entered its fifty-eight page order dismissing the Second Amended Complaint with prejudice on 21 October 2016 (the "October 2016 Order"). Plaintiffs appeal.

## II. Analysis

Plaintiffs argue on appeal that the trial court erred by dismissing their claims pursuant to Rule 8(a)(1) and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We disagree.

### A. *Standard of Review and Relevant Law*

#### 1. Rule 8 and Rule 41(b)

"Rule 41(b) of the Rules of Civil Procedure allows a court to dismiss an action '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court[.]' N.C. Gen. Stat. § 1A–1, Rule 41(b) (2003)." *Lincoln v. N.C. Dep't of Health & Human Servs.* 172 N.C. App. 567, 572–73, 616 S.E.2d 622, 626 (2005). As a general proposition, "the trial court may dismiss for failure to comply with the Rules of Civil Procedure if it has first determined the appropriateness of lesser sanctions. '[T]he trial court must make findings and conclusions which indicate that it has considered . . . less drastic sanctions.'" *Wilder v. Wilder*, 146 N.C. App. 574, 577, 553 S.E.2d 425, 427 (2001) (citations omitted). "'If the trial court undertakes this analysis, its

resulting order will be reversed on appeal only for an abuse of discretion.'" *Id.* (citation omitted).

Rule 8 of our Rules of Civil Procedure sets forth the "General rules of pleadings[.]" N.C. Gen. Stat. § 1A-1, Rule 8 (2015). Pursuant to Rule 8(a)(1):

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim shall contain [a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]

N.C.G.S. § 1A-1, Rule 8(a)(1).

Although North Carolina is a notice pleading state, our Supreme Court has cited with approval scholarly analysis that "under the directive of our Rule 8(a)(1) a complaint need not be as specific as under the former practice, but it must be 'to some degree more specific than the federal complaint.'" *Sutton v. Duke*, 277 N.C. 94, 100, 176 S.E.2d 161, 164 (1970) (citation omitted).

> "Under the notice theory of pleading a complainant must state a claim sufficient to enable the adverse party to understand the nature of the claim, to answer, and to prepare for trial." *Ipock v. Gilmore*, 73 N.C. App. 182, 188, 326 S.E.2d 271, 276 (1985) (citation omitted) (citing N.C. Gen. Stat. § 1A–1, Rule 8(a)(1)[.] "While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b)(6)."

*Piro v. McKeever*, __ N.C. App. __, __, 782 S.E.2d 367, 370 (2016) (quotation marks and citations omitted). "Merely asserting a grievance is not enough to comply with . . . Rule 8(a). The first avenue by which a party may properly address the failure to state a claim is through Rule 12(b)(6) of the North Carolina Rules of Civil Procedure." *Westover Products, Inc. v. Gateway Roofing, Inc.*, 94 N.C. App. 63, 70, 380 S.E.2d 369, 374 (1989) (citation omitted).

Our Supreme Court and this Court have recognized that dismissal with prejudice for violations of the provisions of Rule 8 may be appropriate separate from a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. *See Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 921–22 (1984); *Patterson v. Sweatt*, 146 N.C. App. 351, 357–59, 553 S.E.2d 404, 408–10 (2001); *Miller v. Ferree*, 84 N.C. App. 135, 136–37, 351 S.E.2d 845, 847 (1987). "Appellate courts should not disturb the trial court's exercise of discretion unless the challenged action is 'manifestly unsupported by reason.'" *Id.* at 137, 351 S.E.2d at 847.

## 2. Rule 12(b)(6)

Our Court has articulated the standard of review for a trial court's grant of a motion to dismiss for failure to state a claim as follows:

> "On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court conducts a *de novo* review[.]" "We consider 'whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory.'" "The court must construe the complaint liberally and should not

> dismiss the complaint unless it appears beyond a doubt
> that the plaintiff could not prove any set of facts to support
> his claim which would entitle him to relief."
>
> "Dismissal is proper, however, when one of the following
> three conditions is satisfied: (1) the complaint on its face
> reveals that no law supports the plaintiff's claim; (2) the
> complaint on its face reveals the absence of facts sufficient
> to make a good claim; or (3) the complaint discloses some
> fact that necessarily defeats the plaintiff's claim."

*Hinson v. City of Greensboro*, 232 N.C. App. 204, 208, 753 S.E.2d 822, 826 (2014)

(citations omitted).

## B. *Rule 8*

Plaintiffs argue that the trial court erred in dismissing the Second Amended

Complaint for repeated violations of Rule 8. We disagree.

First, Plaintiffs allege that the Second Amended Complaint complied with Rule

8(a)(1) and, therefore, any dismissal on the basis of failure to comply with Rule 8(a)(1)

constituted error. We have undertaken a thorough and laborious review of the

Second Amended Complaint, and agree with the trial court that it "is generally

imprecise, and the peculiarities of this pleading have made this consideration of

Defendants' Motions exceedingly burdensome." Generally speaking, Plaintiffs'

claims are vague, misleading, or incorrect with regard to (1) the alleged persons or

entities involved – which Plaintiff is asserting the claim and which Defendants are

alleged to have engaged in any improper conduct; (2) the alleged conduct in support

of the claim or claims; (3) the legal bases in support of the claim or claims; and (4), in some instances, which specific claim or claims are being alleged.

None of the issues upon which the trial court based its decision to dismiss the Second Amended Complaint pursuant to violations of Rule 8 should have come as a surprise to Plaintiffs. In the May 2015 Order, which resolved numerous motions filed by both Plaintiffs and Defendants, the trial court considered Defendants' motion to dismiss Plaintiffs' First Amended Complaint, alongside Plaintiffs' motion to amend Plaintiffs' First Amended Complaint. The trial court thoroughly addressed the deficiencies in Plaintiffs' First Amended Complaint, and plainly stated that those deficiencies had not been remedied in Plaintiffs' Proposed Second Amended Complaint. Nonetheless, the trial court ruled that it would, in its discretion, allow Plaintiffs yet another chance to remedy the deficiencies in the First Amended Complaint by granting Plaintiffs leave to further revise the First Amended Complaint and/or the Proposed Second Amended Complaint, and granted Plaintiffs the opportunity to file a corrected Second Amended Complaint. Therefore, the trial court, relevant to this appeal, denied Defendants' motion to dismiss Plaintiffs' First Amended Complaint. However, the trial court made clear that granting Plaintiffs' motion to amend their First Amended Complaint would be "without prejudice to Defendants' rights to move to dismiss the [S]econd [A]mended [C]omplaint, in whole or in part, as Defendants may deem appropriate."

The following portion of the May 2015 Order demonstrates some of the trial court's reasoning and direction to Plaintiffs:

> The [trial court] agrees with Defendants that Plaintiffs' First Amended Complaint and [P]roposed Second Amended Complaint reveal fatal deficiencies on their face.
>
>  . . . .
>
> Plaintiffs current and proposed Complaints also fail to comply with the requirement under Rule 8 of the North Carolina Rules of Civil Procedure that a pleading contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and [a] demand for judgment for the relief to which he deems himself entitled." N.C. R. Civ. P. 8(a)(1)-(2) (2014). In particular, both Plaintiffs' First Amended Complaint and [P]roposed Second Amended Complaint fail to make clear which claims are brought by [] Plasman and which claims are purportedly brought by Bolier, and neither specifies against which Defendant or Defendants the alleged claims are asserted. Further, the current Complaint and [P]roposed Second Amended Complaint assert a number of claims for relief in a confusing, unfocused manner[.]
>
> . . . .
>
> Applying these considerations [addressed above in the 26 May 2015 order] to its review of Plaintiffs' First Amended Complaint and to Plaintiffs' Motion to Amend Complaint, the [trial court] concludes, in its discretion, that it is appropriate in these circumstances – where the action is still in its early stages in this forum, and Plaintiffs have sought to add parties, claims, and allegations based on conduct purportedly arising after the filing of the First Amended Complaint – to provide [] Plasman another

- 13 -

chance to amend the operative complaint to attempt to state legally cognizable claims in this action.

In the October 2016 Order dismissing Plaintiffs' actions, the trial court discussed Plaintiffs' failure to cure these defects, despite having been given multiple opportunities to do so:

> 3. Plaintiff [] Plasman originally filed this action in October 2012, and Defendants subsequently removed the matter to the United States District Court for the Western District of North Carolina[.]
>
> 4. Upon remand [from the federal district court], the parties filed a number of substantive motions, which this [c]ourt resolved in [the May 2015 Order]. In that [order], the [c]ourt ruled on Plaintiff's Motion to Amend Complaint, [and] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint[.]
>
> 5. This [c]ourt concluded in [the May 2015] Order that the "First Amended Complaint and [P]roposed Second Amended Complaint reveal[ed] fatal deficiencies on their face." The First Amended Complaint also asserted claims "in a confusing, unfocused manner" by grouping claims together illogically and failing to make clear whether claims were brought individually or on Bolier's behalf and which Defendants were allegedly liable for which claims. Nevertheless, the [c]ourt, in the exercise of its discretion and under the specific circumstances in this case, determined that it was appropriate "to provide [] Plasman another chance to amend the operative complaint to attempt to state legally cognizable claims in this action." Therefore, the [c]ourt granted [] Plasman's Motion to Amend and denied in part as moot Defendants' Motion to Dismiss Plasman's First Amended Complaint. The [c]ourt also denied in part as moot Defendants' Motion to Dismiss Barrett['s] Counterclaims.

6. [] Plasman filed his Second Amended Complaint on June 25, 2015. Barrett [] filed his Supplemented and Amended Third Party Counterclaims on the same day.[3] In *lieu* of filing any answer, Defendants filed the present Motions[.]

. . . .

18. Defendants contend, and the [c]ourt agrees, that the Second Amended Complaint has failed to fully cure those defects identified in [the May 2015 Order]. The Second Amended Complaint still fails to "specify against which Defendant or Defendants the alleged claims are asserted" and "asserts a number of claims for relief in a confusing, unfocused manner." As an example of the former, Plaintiff captions his misappropriation of trade secrets claims as against Decca [], Decca China, Decca Contract, Decca Hospitality, and Decca Home, but the allegations in support of that claim for relief fail to identify any involvement by Decca Contract or Decca Hospitality and instead focus on conduct by Defendants Tin and Hudgins.[4] As an example of the latter, the Second Amended Complaint groups together allegations under the heading "Seventh and Eight Claims for Relief: Self-Dealing and Misappropriation of Corporate Opportunities –

---

[3] "The [c]ourt did not technically grant Barrett [] leave to amend. Instead, the [c]ourt anticipated that Barrett [] would refile any counterclaims at a procedurally appropriate time, if Defendants elected to file any third-party claims after answering the Second Amended Complaint. . . . . Nevertheless, Defendants did not challenge the timeliness of Barrett['s] filing, and the [c]ourt elects to evaluate Barrett['s] pleading on the merits." [Footnote is included in the October 2016 Order].

[4] "As a further example, the Second Amended Complaint relies on broad allegations that the Plaintiff intends to hold most of the Defendants liable for most of the causes of action:"

Herbst, Tin, Hudgins, and Tsang are officers and directors of one or more of Decca China, Decca [], Decca Contract, Decca Hospitality, Decca Home, Decca Classic, and Decca China Plant, and do not distinguish between actions taken by or for specific entities. For most of the allegations herein, each of the foregoing individuals and purported business entities are jointly and severally liable, and the actions and omissions of one or more of the named parties is attributable to one or more of the individuals and business entities because they act as agents and representatives of the other defendants. [Footnote is included in the October 2016 Order].

Derivatively for the Benefit of Bolier and Directly on behalf of Plasman as Minority Member[.]" This convoluted method of grouping claims is exacerbated by the Second Amended Complaint's repeated failure to distinguish between harm suffered by Bolier and harm suffered by [] Plasman, despite the well-established rule that "shareholders . . . generally may not bring individual actions to recover what they consider their share of the damages suffered by the corporation."

19. In addition, the Second Amended Complaint has not fully cured its "fail[ure] to make clear which claims are brought by [] Plasman and which claims are purportedly brought by Bolier." For instance, while Plaintiff has separately captioned his individual and derivative breach of fiduciary duty claims, several of the allegations under each section state that various Defendants breached "fiduciary duties to Bolier and [] Plasman" without distinction.

20. As a whole, and despite its length, the Second Amended Complaint is generally imprecise, and the peculiarities of this pleading have made this consideration of Defendants' Motions exceedingly burdensome. The [c]ourt therefore concludes that the Second Amended Complaint is not "sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." N.C. R. Civ. P. 8(a)(1). After having already afforded Plaintiff the opportunity to re-plead his claims and specifically identified the ways in which Plaintiff's First Amended Complaint and Proposed Second Amended Complaint were insufficient, the [c]ourt, in the exercise of its discretion, concludes that the Second Amended Complaint's noncompliance with Rule 8 provides an alternate basis for dismissal in addition to the grounds identified under Rule 12(b)(6). [Citations omitted].

Upon our review of the Second Amended Complaint, we affirm the trial court's

determination that the Second Amended Complaint continued to violate Rule 8(a)(1).

However, Plaintiffs argue:

> Rule 8 prescribes no penalty for violation of its terms, and dismissal can only occur under N.C. R. Civ. P. 41(b). N.C. R. Civ. P. 7(b)(1) requires that a motion "shall state with particularity the grounds therefor[.]" However, Defendants never moved for dismissal under Rule 41(b) as required under Rule 7(b)(1), and Appellants never had notice of same." Therefore, the trial court erred by dismissing the [Second Amended Complaint] without referencing Rule 41(b) and <u>without a motion providing Appellants with **notice**</u> they were subject to Rule 41(b) dismissal.

This Court has recognized in *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E.2d 298 (1983),

that

> Rule 8(a)(2) prescribes no penalty for violation of its proscription against stating the demand for monetary relief. Absent application of the Rule 41(b) provision for dismissal for violation of the rules, litigants could ignore the proscription with impunity, thereby nullifying the express legislative purpose for its enactment.
>
> The General Assembly thus must have intended application of the Rule 41(b) power of dismissal as a permissible sanction for violation of the Rule 8(a)(2) proscription.

*Id.* at 587, 299 S.E.2d at 300. We hold the same analysis applies to Rule 8(a)(1), as it

also "does not identify a particular sanction that may be imposed" upon violation of

its requirements. *Patterson*, 146 N.C. App. at 357, 553 S.E.2d at 409. Contrary to

Plaintiffs' assertion in their brief, *Jones* does not hold that specific reference to Rule 41(b) is required, only that Rule 41(b) serves as the vehicle for ordering sanctions for violations of Rule 8. In the present case, Defendants clearly indicated in their motion to dismiss the Second Amended Complaint that they were seeking dismissal in part based upon violations of Rule 8. Therefore, Plaintiffs were put on notice that Defendants were seeking dismissal based on Rule 8 violations through the only means available – Rule 41(b). *See Patterson*, 146 N.C. App. 351, 553 S.E.2d 404 (affirming dismissal of the plaintiff's action based upon violations of Rule 8 where the defendant's motion to dismiss did not reference Rule 41(b)).[5]

Finally, Plaintiffs argue that the trial court erred in dismissing the Second Amended Complaint "by not making findings of fact and conclusions of law which indicate that it had considered less drastic sanctions."

> Our [C]ourt [has] held that sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience. *[See] Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 344 S.E.2d 847 (1986) (in determining whether to dismiss a case for violation of motion in limine, trial court must determine the effectiveness of alternative sanctions). Once the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion.

---

[5] We have reviewed the record in *Patterson* and take judicial notice of the fact that the relevant motion to dismiss in part pursuant to Rule 8 includes no mention of Rule 41(b).

*Patterson,* 146 N.C. App. at 357–58, 553 S.E.2d at 409 (citations omitted). Failure of the trial court to use the labels "finding of fact" or "conclusion of law" will not prevent this Court from reviewing the trial court's order to determine if it has appropriately considered and ruled upon the necessary issues. *See Brinn v. Weyerhaeuser Co.*, 209 N.C. App. 204, 707 S.E.2d 263 (2011) ("although the Commission did not label specific sentences as either 'findings of fact' or 'conclusions of law' within its order, the order was sufficient to allow us to review the Commission's reasoning").

As stated in the October 2016 Order, Plaintiffs were allowed to amend their complaint twice, including having been given two opportunities to draft their Second Amended Complaint in accordance with the requirements of Rule 8:

> This [c]ourt concluded in [the May 2015] Order that the "First Amended Complaint and [P]roposed Second Amended Complaint reveal[ed] fatal deficiencies on their face." . . . . Nevertheless, the [c]ourt, in the exercise of its discretion and under the specific circumstances in this case, determined that it was appropriate "to provide [] Plasman another chance to amend the operative complaint to attempt to state legally cognizable claims in this action." Therefore, the [c]ourt granted [] Plasman's Motion to Amend[.]

Despite being given another opportunity to bring their complaint into compliance with Rule 8, and having been given specific direction concerning how to correct the deficiencies in their First Amended Complaint and their Proposed Second Amended Complaint, the trial court found "that the Second Amended Complaint has failed to fully cure those defects identified in the[c]ourt's prior order and opinion." The trial

court then discussed the specific ways in which the Second Amended Complaint continued to violate Rule 8, and gave multiple examples from the complaint itself. As a result:

> The [c]ourt therefore conclude[d] that the Second Amended Complaint [wa]s not "sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." N.C. R. Civ. P. 8(a)(1). After having already afforded Plaintiff the opportunity to re-plead his claims and specifically identified the ways in which Plaintiff's First Amended Complaint and Proposed Second Amended Complaint were insufficient, the [c]ourt, in the exercise of its discretion, concludes that the Second Amended Complaint's noncompliance with Rule 8 provides an alternate basis for dismissal in addition to the grounds identified under Rule 12(b)(6).

We hold that the trial court's order contains sufficient findings and conclusions, though not labeled as such, demonstrating that it had considered lesser sanctions before deciding to dismiss the Second Amended Complaint for violations of Rule 8. In fact, the trial court indicates that it had decided not to issue any sanctions for Plaintiffs' continuing Rule 8 violations in the May 2015 Order, despite its belief that it had sufficient grounds to do so. We hold that the trial court took "into account the severity of [Plaintiffs'] disobedience[,]" and "the effectiveness of alternative sanctions" before deciding that dismissal of the Second Amended Complaint was warranted. *Patterson*, 146 N.C. App. at 357–58, 553 S.E.2d at 409.

Plaintiffs do not specifically argue that the trial court's dismissal of the Second Amended Complaint amounted to an abuse of discretion. However, to the extent that Plaintiffs arguments could be interpreted to include such an argument, we hold that the trial court did not abuse its discretion in dismissing the Second Amended Complaint, pursuant to its authority under Rule 41(b), in response to Plaintiffs' multitudinous and continued violations of Rule 8. We therefore affirm.

## C. Rule 12(b)(6)

Although our holding above is sufficient to affirm the trial court's order dismissing the Second Amended Complaint, we have decided to review the trial court's alternate basis for dismissal. The trial court also ruled that the Second Amended Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

We first hold that Plaintiffs' failure to state their claims with "sufficient[] particular[ity] to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[,]" N.C.G.S. § 1A-1, Rule 8(a)(1), warrant dismissal pursuant to Rule 12(b)(6). *Piro*, __ N.C. App. at __, 782 S.E.2d at 370 (quotation marks and citations omitted) (in order to conform with the dictates of Rule 8(a)(1), "a complaint must . . . state enough to give the substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b)(6)"). In addition, we have

methodically reviewed Plaintiffs' arguments on appeal, which number in excess of twenty, and hold that none of Plaintiffs' challenges to the dismissal of certain claims in the Second Amended Complaint, pursuant to Rule 12(b)(6), have merit.

We note that the disjointed condition of the Second Amended Complaint rendered this review exceedingly difficult and time consuming, and has resulted in unnecessary delay in the resolution of this appeal. For instance, the allegations that Plaintiffs, on appeal, contend support specific claims are often not directly associated with those claims in any coherent or organized manner. On appeal, Plaintiffs attempt to cobble together support for individual claims by directing this Court to allegations scattered throughout the Second Amended Complaint, even though the context surrounding many of those allegations make clear that they are inapplicable to the claims to which Plaintiffs now attempt to apply them. As an obvious example of this practice, in Plaintiffs' brief they often cite to allegations that are made *after* the claim they are alleged to support. Although each new claim in the Second Amended Complaint includes the regular boilerplate language that "[t]he allegations alleged in all above paragraphs are alleged herein and incorporated herein by reference[,]" there is no such boilerplate purporting to incorporate allegations in "all 'below' or 'subsequent' paragraphs" of the complaint. Nonetheless, on appeal, Plaintiffs regularly cite to allegations made *following* a claim in an attempt to provide support for that claim that is otherwise lacking. As one additional example of the incoherent

nature of the Second Amended Complaint, the first substantive allegation made in the Second Amended Complaint in support of Plaintiffs' *derivative* claim *on behalf of Bolier* for alleged breach of fiduciary duty states: "Decca [] breached fiduciary duties *owed to Plasman* by failing to follow [the] Operating Agreement, [and] terminating Plasman without Member or Manager meeting[.]"

After painstaking review of the Second Amended Complaint, we also affirm the trial court's dismissal of the Second Amended Complaint pursuant to Rule 12(b)(6) because, for each of Plaintiffs' claims, one or more of the following is true: "(1) the complaint on its face reveals that no law supports [P]laintiff[s'] claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats [P]laintiff[s'] claim." *Hinson*, 232 N.C. App. at 208, 753 S.E.2d at 826 (citation omitted).

AFFIRMED.

Judges DIETZ and BERGER concur.